Before STATE INDUSTRIAL BOARD, Respondent.

LEO CHAMBERS, Respondent, *v.* THOMAS ROULSTON, INC., and Another, Appellants.

*Workmen's compensation — evidence and findings should show precise nature and extent of disfigurement.*

Appeal from an award of the State Industrial Board made on October 3, 1924.

PER CURIAM: The evidence failed to show and the findings omit to state the precise nature and extent of the disfigurement found. Without such evidence and such a finding we are unable to say that the disfigurement was " serious " and " permanent," and, therefore, cannot affirm the award. All concur. Award reversed and claim remitted, with costs against the State Industrial Board to abide the event.

---

Before STATE INDUSTRIAL BOARD, Respondent.

EARL W. STODDARD, Respondent, *v.* HAMMOND STEEL COMPANY and Another, Appellants.

*Workmen's compensation — where under former section 15 limit of compensation for temporary disability has been paid, further compensation should be denied in absence of proof of permanent disability.*

Appeal from an award of the State Industrial Board made on December 1, 1924.

PER CURIAM: Claimant has been paid $3,500, which is the limit of compensation for temporary disability whether total or partial. (Workmen's Compensation Law [at the time of the accident], § 15, subds. 2, 4.)* Further compensation cannot be awarded unless the disability is permanent. There is evidence to show some ability to work. There is no proof of permanent total disability. Because it does not appear that the injuries found by the Board are permanent this award may not be sustained. All concur. Award reversed and claim remitted with costs against the State Industrial Board to abide the event.

---

* Accident happened on January 2, 1920. (See Workmen's Compensation Law of 1914, § 15, subds. 2, 4, as amd. by Laws of 1917, chap. 705.) — [REP.