In the Matter of the Claim of ANNA LASER, Respondent, against GILMORE CAFETERIA, INC., Employer, and BAKERS MUTUAL INSURANCE COMPANY OF NEW YORK, Carrier, Appellants. STATE INDUSTRIAL BOARD, Respondent.

Third Department, May 7, 1941.

*Scribner & Miller [Julius J. Rosenberg* and *Samuel Schub* of counsel], for the appellants.

*John J. Bennett, Jr., Attorney-General [Joseph A. McLaughlin* and *Isaac Frank, Assistant Attorneys-General,* of counsel], for the State Industrial Board, respondent.

*Isidore Scheinman,* for the claiment, respondent.

HILL, P. J.   Appeal on a shortened record which limits the issue to the following: " The claimant having received about 162¾ weeks' compensation for temporary total disability and about 74⅙ weeks' compensation for temporary partial disability, totaling $5,000, and the claimant having suffered no permanent disability, may said claimant obtain any further compensation for temporary disability whether total or partial in excess of said $5,000?"

All of the findings of fact are conceded to be true. Claimant was entitled to the maximum rate of twenty-five dollars a week compensation. No question is raised concerning the lapse of seven years from the date of the accident.

Compensation for temporary total disability shall not exceed $5,000. (Workmen's Comp. Law, § 15, subd. 2.) The total amount paid in case of temporary partial disability resulting in decrease of earning capacity shall not exceed $4,000. (Workmen's Comp. Law, § 15, subd. 5.) " The Board may, at any time, without regard to the date of accident, upon its own motion, or on application of any party in interest, reclassify a disability upon proof that there has been a change in condition, or that the previous classification was erroneous and not in the interest of justice." Section 15 of the Workmen's Compensation Law classifies disabilities as permanent total, temporary total, permanent partial and temporary partial. (*Matter of Schaefer* v. *Buffalo Steel Car Co.,* 250 N. Y. 507.) The Board classified this claimant's disability as " temporary total," and thereunder she was entitled to receive compensation to the amount of but not exceeding $5,000. According to my computation payment for 162¾ weeks amounted to a little less than $4,070. She could have received $930 more, or an aggregate of $5,000 under that classification. Upon proof of change in condition the Board could classify the disability as temporary partial, and thereunder claimant could receive $4,000. Under the stipulation that she has been paid twenty-five dollars a week for seventy-four and one-sixth weeks, she has received substantially $1,855. She may receive $4,000 in the aggregate, or an additional $2,145. The transition from temporary total to temporary partial disability might well be expected, for the existence of a totally disabled condition, not permanent in character, would sustain an assumption that there would be gradual improvement and that the total disability would naturally be transformed into partial disability. Subdivision 2 of section 15 gives relief under conditions differing from those to which subdivision 5 applies.

*Stoddard* v. *Hammond Steel Company* (214 App. Div. 825) and *Clark* v. *Lewis Wrecking Company* (Id. 826) construed section 15 as it existed at the time those cases arose (1920) and when they were decided (1925) to limit payments to $3,500 for the combined temporary total and temporary partial. No purpose will be served by tracing the various amendments to section 15, including the paragraph dealing with " Reclassification of disabilities." (§ 15, subd. 6-a.) The changes in this section in all of its subdivisions have affected its general meaning, but should it be determined that

the changes are not such as to make the holdings in the cases mentioned inapplicable, then the doctrine there stated should be re-examined in view of the seemingly plain language of the statute which makes subdivisions 2 and 5 apply to consecutive, not concurrent, conditions.

The award should be affirmed.

CRAPSER, BLISS, SCHENCK and FOSTER, JJ., concur.

Award affirmed, with costs to the State Industrial Board.