In the Matter of the Claim of ALFREDO CARNIATO, Respondent, against FOSTER WHEELER CORP. et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.

Third Department, March 11, 1959.

*Albert P. Thill* for appellants.

*Isaacson, Robustelli & Meyer* for claimant-respondent.

*Louis J. Lefkowitz, Attorney-General* (*John J. Reilly, Roy Wiedersum* and *Harold Forstenzer* of counsel), for Workmen's Compensation Board, respondent,

BERGAN, J. Claimant is a production engineer. On March 4, 1948 he fell from a swivel chair and ruptured a tendon in the left leg. He returned to work on May 3, 1948.

The brief of the appellants states after claimant returned to work, that '' by way of aiding the progress of the claimant's recovery from the injury and rehabilitation, the employer and carrier voluntarily reimbursed the claimant for gasoline used in his own automobile in travelling between his home in the Bronx and the employer's place of business '' in downtown Manhattan.

Also, in the words of the brief, '' in the interests of aiding the claimant in rehabilitation '' the appellants '' reimbursed the claimant for whiskey which he was taking as a stimulant and vasodilator.'' In January, 1953 the appellants stopped making these reimbursements; and the board has made an award requiring the reimbursements to continue.

Provision for use of an automobile to go to work does not come within the scope of section 13 of the Workmen's Compensation Law requiring payments for '' medicine, crutches and apparatus * * * or other devices * * * necessary * * * to replace, support or relieve a portion or part of the body ''. The enumeration of medical aids expressed in this statutory form would, under ordinary canons of construction, exclude nonmedical instruments such as a motor vehicle.

The charges which were for gasoline varying from $32 to $43.90 a month, also include '' parking costs '' totaling $1,740.50 for a period from 1952 to July 15, 1957. Other charges which might readily come to mind in connection with operating a motor vehicle suggest its general unsuitability for the statutory purpose.

But if it be considered that an automobile come within the statute, the record is without substantial medical evidence that this is a '' necessary '' device for claimant's physical support or physical relief. All the medical evidence is to the effect that claimant should use his legs to a reasonable extent; and some of the proof is strongly in this direction.

Claimant's own physician states he should '' use his legs as much as he has to '' and there is no medical evidence against the use of public transportation which is available near claimant's home. The prior voluntary provision for this transportation for a period of over five years does not establish a need for its unlimited continuance.

There is medical proof that whiskey is a good vasodilator and that it is useful in aiding the circulation in claimant's leg. There is other medical opinion that the kind of difficulty experienced by claimant is not helped by whiskey.

But after its use for five years the medical reports most favorable to claimant indicate no improvement has occurred in his condition; and the record is very thin in the justification for its continuance during the period in dispute.

We are of opinion that on this record there is not substantial evidence to support the award of continued reimbursement for whiskey. In any case the quantity of whiskey charged, at the rate of $30 a month, has not been justified in its totality even if it might be thought some of it were necessary.

The award should be reversed and the claim remitted to the board for reconsideration, with costs to appellants against the Workmen's Compensation Board.

FOSTER, P. J., COON, GIBSON and REYNOLDS, JJ., concur.

Award reversed and claim remitted to the board for reconsideration, with costs to appellants against the Workmen's Compensation Board.