In the Matter of the Claim of SAMUEL SORGI, Respondent, *v.* SIEGFRIED CONSTRUCTION COMPANY et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.

Third Department, December 28, 1962.

*Tucker & Bisselle* (*Morgan F. Bisselle* of counsel), for appellants.

*Louis J. Lefkowitz, Attorney-General* (*Arnold Klein* and *Roy Wiedersum* of counsel), for Workmen's Compensation Board, respondent.

HERLIHY, J. On February 3, 1959 the claimant sustained an industrial accident which resulted in a lip laceration requiring several sutures, fracture of the anterior maxillary ridge and the loss of an upper bridge and several upper teeth. In the words of the dentist, it was necessary to reconstruct the mouth of the claimant.

At a hearing the Referee made an award for disability and the claimant contended additionally he was entitled to an award for the change in the appearance of his face. In accordance with the rules of the board, the matter was referred to a board panel. At the hearing, the board viewed the claimant's face and among other things, he was asked to smile. The board then determined he had suffered a serious facial disfigurement due to the replacement of his natural teeth by artificial teeth and awarded him the sum of $350.

The appellants contend that because a doctor stated there was good alignment of the teeth and there was no evidence of a scar the decision of the board is not supported by substantial evidence.

This court has held that the question of facial disfigurement is one of fact for the board. (*Matter of Hildreth* v. *Ford Motor Co.*, 14 A D 2d 963, 964.) The memorandum of the board decision, however, states only that there was disfigurement due to the replacement of natural teeth by artificial teeth. We stated in *Matter of Trudeau* v. *Colonial Sand & Stone Co.* (11 A D 2d 444, 447) that " The court does not see the claimant and it is very difficult to determine from medical reports just how ' serious ' a facial disfigurement is."

The board which does the viewing of the claimant should set forth in the record a factual description of its examination and findings as to the facial disfigurement.

We are of the opinion that the mere recital that claimant now has artificial teeth does not constitute a sufficient finding of serious facial disfigurement. Accordingly, " The evidence failed to show and the findings omit to state the precise nature and

extent of the disfigurement found. Without such evidence and such a finding we are unable to say that the disfigurement was ' serious ' and ' permanent ', and therefore, cannot affirm the award." (*Chambers* v. *Thomas Roulston, Inc.*, 214 App. Div. 825.)

The award should be reversed and the claim remitted.

Coon, J. P., Gibson, Reynolds and Taylor, JJ., concur.

Award reversed and claim remitted, with costs to appellants.