■ In the Matter of the Claim of RICHARD ROBINSON, Respondent, v. REMINGTON RAND DIVISION OF SPERRY RAND CORP. et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— HERLIHY, J. Appeal by the employer and its insurance carrier from a decision of the Workmen's Compensation Board which reversed a Referee's decision and held that the appellant insurance carrier must provide the claimant with a hearing aid. On March 16, 1964 a Referee held that the claimant suffered an occupational loss of hearing in both ears and ruled that the appellant carrier was "liable for medical treatments and/or hearing tests to date and continuing treatment, if indicated". The case was otherwise closed as the claimant had not yet separated from the employment as required by section 49-bb of the Workmen's Compensation Law. The appellants took no appeal to the board from that decision and prior to the rendering of that decision had specifically accepted the case as an occupational loss of hearing. In June of 1964 the claimant's attorney requested the carrier to furnish a hearing aid. The carrier refused and on June 19, 1964 the claimant's attorney requested a reopening of the case to determine such liability. On July 14, 1964 the board ordered the case restored "to the Calendar for consideration of liability for hearing aid". On January 14, 1966 the Referee found no liability for the hearing aid and further found the date of accident to be April 22, 1963, the date of the first medical treatment. The claimant appealed to the board from this decision and the sole issue placed before the board by the claimant's application for review and the carrier's replies thereto was whether or not such a device came within the meaning of those "devices or appliances necessary in the first instance to replace, support or relieve a portion or part of the body" as set forth in subdivision (a) of section 13 of the Workmen's Compensation Law. On June 30, 1966 the board reversed the Referee and ordered the carrier to provide a hearing aid and the maintenance thereof. The failure of the appellants to appeal from the finding of an occupational loss of hearing and the direction to provide medical treatment as contained in the decision of March 16, 1964 precludes their argument here of nonliability under section 49-bb of the Workmen's Compensation Law. Their further arguments as to the date of disability are also precluded in view of the fact that it was implicitly established in the decision of March 16, 1964 and no issue as to such date was raised in the application for review by either the claimant or appellants. The contention in the appellants' brief presents the same "injustices" as were corrected in *Matter of Ryciak* v. *Eastern Precision Resistor* (12 N Y 2d 29) albeit section 49-bb of the Workmen's Compensation Law was not one of the issues. The appellants have abandoned their contention that such a device is not contained within subdivision (a) of section 13 of the Workmen's Compensation Law. Decision affirmed, with costs to the Workmen's Compensation Board. Gibson,

P. J., Herlihy, Reynolds, Aulisi and Gabrielli, JJ., concur in memorandum by Herlihy, J.