■ In the Matter of the Claim of ALBERT LEONE, Respondent, v BRICKLAYERS, MASONS & PLASTERERS INTERNATIONAL UNION No. 83 et al., WORKMEN'S COMPENSATION BOARD, Respondent.—Appeal from a decision of the Workmen's Compensation Board, filed April 30, 1976, which awarded claimant benefits. The claimant sustained serious disfigurement to the top of his head and the carrier does not dispute that under ordinary circumstances it would be liable for a schedule award for such an injury. By decision dated November 9, 1973 a referee had ordered that a hairpiece be provided as necessary and justified and the appellants did not appeal that finding. On July 8, 1975 a referee ordered an award of $2,500 for disfigurement and also reimbursement for a new wig. The appellants appealed to the board upon the grounds that: "in view of the furnishing of a prosthesis, hairpiece, that the claimant does not have a facial disfigurement within the meaning of the W.C.L., and further, assuming without conceding that the hairpiece does not negate the facial, that the facial award is excessive." The claimant also appealed to the board seeking a modification of the award so as to direct the appellants to furnish a new hairpiece each year instead of just the reimbursement ordered by the referee. The board rejected the appellants' contentions, but it did grant the modification sought by the claimant. Upon this appeal the appellants again urge that there is no serious disfigurement as a matter of law because the hairpiece cures the claimant's appearance. It is well-established law that the board need not find that earning capacity has been impaired in order to award benefits for facial disfigurement (see *Matter of Florick v Broad Window Cleaning Co.*, 243 NY 576). Once a permanent facial or head disfigurement is established the primary question for the board is whether or not it is "serious" *(Matter of Sorgi v Siegfried Constr. Co.*, 17 AD2d 469). In this case there can be no doubt that the injury was serious and regardless of the fact that it can be disguised, the requirements of section 15 (subd 3, par [t], cl 1) of the Workmen's Compensation Law have been met. The appellants have failed to demonstrate that covering the irregularity with a new hairpiece is of such a nature as to be a cure or to preclude a factual finding that the disfigurement is "serious". At best the hairpiece is simply a disguise as cosmetics might be for certain scars and would be a fact for consideration by the administrative agency in reaching the amount of an award. The appellants further contend that granting an award and further ordering hairpieces to be furnished on an annual basis is a double recovery. The Workmen's Compensation Law expressly provides in section 13 thereof for the furnishing of devices related to injuries and it does not appear that any such additional compensation is unauthorized. We find no merit to the contention of the appellants. However, the issue of providing a hairpiece on a yearly basis is subject to further

review upon a proper application. Decision affirmed, with costs to the Workmen's Compensation Board. Greenblott, J. P., Kane, Main, Mikoll and Herlihy, JJ., concur.