■ CIVIL SERVICE EMPLOYEES ASSOCIATION, INC., Appellant, v COUNTY OF ONEIDA et al., Respondents. — Judgment unanimously affirmed, without costs. Memorandum: This action arises out of a dispute over the meaning of one of the provisions contained in the collective bargaining agreement between the County of Oneida (County) and the Civil Service Employees Association (CSEA) on behalf of the County employees which was in effect from January 1, 1974 through December 31, 1975. The basic issue presented for determination by the court at a nonjury trial was the interpretation of language in the agreement as to the basic economic rate (BER) and whether or not it applies to new employees. The parties were agreed that the contract contemplated the abolition of salary steps or increments one step at a time each year for five years behind employees. They disagreed only as to whether new employees hired in 1974 and 1975 were to receive the benefit of this provision. CSEA argues that they were included by the use of the term "present employees". The record discloses that CSEA sought to establish legislative intent through the testimony of individual legislators, a tactic ultimately disapproved by the court. Upon completion of the trial, the court found that plaintiff failed to meet its burden of proof and declined to interpret the ambiguous term stating, "The contract cannot be redrawn by the court. The matter should be finally resolved by the board of legislators." On appeal, CSEA contends that the Trial Judge committed prejudicial error by excluding relevant evidence offered by the plaintiff. The trial court was requested to determine and effectuate the legislative purpose behind Resolution No. 22 of 1974. Testimony of intent by the parties or representatives of the parties who had a voice in the decision would be competent and highly relevant if this were an action based solely on contract. Since this is a public employment contract which can only become binding on the County through enactment of appropriate legislation, the ambiguity can be resolved only by reference to the legislation adopting and implementing the contract. The requirement of @legislative approval converts this contract question into an issue of statutory construction. The intention of the Legislature is first to be sought from the act itself, and the statute is to be construed according to its most natural and obvious sense *(Patrolmen's Benevolent Assn. of City of N. Y. v City of New York,* 41 NY2d 205, 208; *Matter of Niagara Falls Urban Renewal Agency v O'Hara,* 57 AD2d 471, 473; *City of Syracuse v Hueber,* 52 AD2d 341, 344; McKinney's Cons Laws of NY, Book 1, Statutes, § 92). Where the statutory language is ambiguous the courts must look to the legislative history and circumstances surrounding enactment in order to determine legislative purpose *(Rankin v Shanker,* 23 NY2d 111; *New York State Bankers Assn. v Albright,* 38 NY2d 430). The court herein had the benefit of the January 16, 1974 hearing on the contract and the

fact finder's report. However, CSEA sought to supplement the legislative history with the testimony of legislators sitting at the time the contract was adopted. The court properly excluded this proof. Pre-enactment statements, particularly those of a bill's sponsor, are properly considered as part of the legislative history *(Matter of Fisher v New York State Employees' Retirement System,* 279 App Div 315; *Young v Town of Huntington,* 88 Misc 2d 632). However, postenactment statements or testimony by an individual legislator, even a sponsor, is irrelevant and was properly excluded. This postenactment rule does not apply, however, when such testimony might be appropriate in extraordinary circumstances, such as when the constitutionality of a particular measure is challenged and the existence of a discriminatory purpose, or motivation, becomes relevant (see *Arlington Hgts. v Metropolitan Housing Corp.,* 429 US 252). Our review of the record discloses that no extraordinary circumstances exist in this case. The testimony of County legislators as to the legislative purpose in enacting Resolution No. 22 was properly excluded and the judgment of the court is supported by the weight of the evidence. (Appeal from judgment of Oneida Supreme Court — breach of contract.) Present — Cardamone, J. P., Simons, Hancock, Jr., Callahan and Moule, JJ.