■ In the Matter of the Claim of DOUGLAS SMITH, SR., Respondent, v TOMPKINS COUNTY COURTHOUSE et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. — Appeal from a decision of the Workers' Compensation Board, filed September 22, 1981. On October 15, 1979, claimant, a deputy sheriff of Tompkins County, was involved in an automobile accident and injured his back. Subsequently, his physician requested authorization for claimant to do swimming either at the Ramada Inn or at the Sheridan Hotel, noting that claimant would need swimming lessons since he never learned to swim. The board found that "swimming by the claimant as a rehabilitative measure under supervision of an instructor, is proper and is authorized". This appeal by the carrier ensued and the sole issue raised is whether the requirement to provide swimming facilities and instruction is authorized by section 13 of the Workers' Compensation Law. The board answered in the affirmative. We arrive at a contrary conclusion. At the outset, we note that we are here concerned with what is authorized by the Workers' Compensation Law and not whether the supervised swimming program is beneficial to claimant. Subdivision (a) of section 13 of the Workers' Compensation Law provides, in pertinent part, as follows: "[t]he employer shall promptly provide for an injured employee such medical, surgical, optometric or other attendance or treatment, nurse and hospital service, medicine, optometric services, crutches, eyeglasses, false teeth, artificial eyes and apparatus for such period as the nature of the injury or the process of recovery may require." A swimming program is not specifically authorized in this language. Neither do we find it authorized by the phrase "other attendance or treatment" since well-established rules of construction dictate otherwise. A reading of the other pertinent portions of the statute reveals that it specifically provides for the rendering of treatment by those other than physicians. The statute enumerates those who may render such treatment under the active supervision of an authorized physician (Workers' Compensation Law, § 13-b, subd 1, par [c]). Furthermore, the statute provides for the authorization of treatment by technicians including treatment in physiotherapy or other therapeutic procedures (Workers' Compensation Law, § 13-c, subd 1). The doctrine of *ejusdem generis* serves to make words of general import followed by an enumeration of specific things applicable only to things of the same general class (*Popkin v Security Mut. Ins. Co. of N. Y.*, 48 AD2d 46, 48). Consequently, under no reasonable reading of the statute is the supervised swimming contemplated herein included (compare *Matter of Zalenski v Crucible Steel*, 91 AD2d 807). There must be a reversal. Decision reversed, without costs, and matter remitted to the Workers' Compensation Board for further proceedings not inconsistent herewith. Mahoney, P. J., Sweeney, Main, Casey and Weiss, JJ., concur.