■ In the Matter of the Claim of ALBERT ZALENSKI, Respondent, v CRUCIBLE STEEL, INC., Appellant. WORKERS' COMPENSATION BOARD, Respondent. — Appeal from a decision of the Workers' Compensation Board filed December 18, 1981, which held that the self-insured employer must provide claimant with a hearing aid. While the minutes of the original hearing are not before us, it

appears that claimant worked for Crucible Steel, the employer, for many years before his retirement and it was concluded that while so employed he was continually exposed to severe industrial noise. Realizing that he was suffering a substantial hearing loss, claimant, after consulting with his physician, initiated a claim for occupational loss of hearing pursuant to article 3-A of the Workers' Compensation Law (all references are to the Workers' Compensation Law) and on February 5, 1980 the administrative law judge found, based upon the reports of the otolaryngologists and audiologists, that claimant had sustained a causally related 60% uncorrected binaural loss of hearing. He established a schedule award of $9,450. Though the hearing loss was found to be permanent and irreversible, the reports of the attending physician indicated that, "[h]opefully amplification in the form of a hearing aid would be of help to this patient in the future". The employer did not challenge either the findings or the award and the case was closed. Some months thereafter in the spring and summer of 1980, claimant's representative sought authorization for the purchase of a hearing aid and upon reopening of the case argued that it was the employer's responsibility to furnish the same under the requirements of subdivision (a) of section 13 and under this court's decision in *Matter of Robinson v Remington Rand Div. of Sperry Rand Corp.* (29 AD2d 586). The board, in rejecting the employer's arguments and in affirming the referee, found: "based on the entire record including the medical report of Dr. Metzger, that Self Insurer must provide claimant with a hearing aid. (Robinson vs. Remington Rand, 29 AD2d 586.)" Though perhaps not a monument to clarity and detail of expression, nonetheless, it seems reasonably clear that the board was relying on its own decision in *Matter of Robinson* (*supra*) to the effect that a hearing aid was included by the language of subdivision (a) of section 13 and upon the uncontradicted medical testimony of claimant's physician that the hearing aid would likely be of benefit to claimant in the future. The employer appeals contending (1) that *Matter of Robinson* (*supra*) is in no way dispositive of any issues here, (2) that the omission of any reference to hearing aids or any audiological devices or methods in subdivision (a) of section 13 plainly signaled the Legislature's intent that the employer not be responsible for such devices, (3) that requiring the employer to provide such devices after the grant of a schedule award for an uncorrected loss of hearing constitutes a double recovery, and (4) that the decision is in direct contravention of the board's own rule, 12 NYCRR 350.1,* in effect at the time and promulgated pursuant to sections 49-gg and 117, which provided: "Since the employer will be paying for the 'uncorrected' loss of hearing, the employer should not be obligated to furnish hearing aids (including accessories and replacements) in cases of occupational loss of hearing". At the outset we agree that *Matter of Robinson* (*supra*) provides little, if any, meaningful assistance because no schedule award was involved and the appellants, on appeal, abandoned their contention that a hearing aid was not covered within subdivision (a) of section 13. However, we hold now that such a device is included within the ambit of the "other devices or appliances necessary" phrase of subdivision (a). We cannot subscribe to the employer's theory that the specific recognition of the employer's obligation to furnish eyeglasses contained in the 1965 amendment to subdivision (a) (L 1965, ch 925) together with the lack of any mention of hearing devices manifests the Legislature's intent that the latter be excluded. "The intention of the Legislature is first to be sought from the act itself, and the statute is to be construed according to its most natural and obvious sense" (*Civil Serv. Employees Assn. v County of Oneida,* 78 AD2d 1004, mot for lv to app den 53 NY2d 603). The *ejusdem generis* rule dictates that the general phrase "other· devices or appliances", since it follows words of a particular meaning, be

---

* This rule was repealed, effective October 1, 1980.

construed as applying to devices or appliances of the same kind or class as those particularly stated (cf. *People v Shapiro,* 50 NY2d 747, 764-765; McKinney's Cons Laws of NY, Book 1, Statutes, § 239). The devices particularly mentioned are medical aids (see *Matter of De Croix v Sumergrade & Sons,* 20 AD2d 735; *Matter of Carniato v Wheeler Corp.,* 7 AD2d 328). A hearing aid fits nicely within the cocoon of the statutory language and, particularly so, for the reason that the Workers' Compensation Law is remedial in nature and should be construed as to effectuate the economic and humanitarian objects of the act (*Matter of Merchant v Pinkerton's Inc.,* 50 NY2d 492; compare *Matter of Smith v Tompkins County Courthouse,* 91 AD2d 801). Neither are we persuaded by the employer's argument that the board's rule 12 NYCRR 350.1 mandates reversal. It has been long and well settled that administrative agencies, when so authorized by the Legislature, may adopt reasonable rules to advance their purposes. However, if any such rule contravenes the will of the Legislature as expressed in a statute that rule must fail. Administrative agencies have no authority to create a rule which is out of harmony with the statute (*Finger Lakes Racing Assn. v New York State Racing & Wagering Bd.,* 45 NY2d 471, 480-481; *Matter of Jones v Berman,* 37 NY2d 42, 53; *Matter of Meit v P. S. & M. Catering Corp.,* 285 App Div 506, 509-510). 12 NYCRR 350.1 is just such a rule providing, as it does, for a blanket exemption from the employer's obligation to provide hearing aids for victims with occupational hearing losses. The rule is in contravention of the statute and the spirit and purpose of the Workers' Compensation Law where, as here, the desirability of the device is amply supported by medical evidence. Lastly, we find no merit to the employer's contention that such an award constitutes a double recovery (cf. *Matter of Leone v Bricklayers, Masons & Plasterers Int. Union No. 83,* 59 AD2d 812). Decision affirmed, with costs to the Workers' Compensation Board. Mahoney, P. J., Sweeney, Main, Casey and Weiss, JJ., concur.