Jasen, J.
(dissenting). The majority holds that when a nonindigent defendant takes an appeal pursuant to CPL 450.10, the copy of the trial transcript which is required to be filed with the trial court must be paid for out of public funds. Because I do not believe CPL 460.70 (subd 1) was intended to require such a result, I respectfully dissent.
Prior to 1977, CPL 460.70 (subd 1) required the public to bear the expense of preparing and filing transcripts where a defendant filed a notice of appeal regardless of whether the defendant was indigent or not.* In 1977, however, the Legislature amended the statute to, among other things, “save taxpayer money” (Bellacosa, Practice Commentary, McKinney’s Cons Laws of NY, Book 11A, CPL 460.70, p 59). Accordingly, in adopting the current statute, the Legislature conspicuously omitted the former broad provision requiring that the costs of preparing transcripts for all persons be paid out of public funds and inserted in its place the following language: “The expense of transcripts prepared for poor persons under this section shall be a state charge”. (Emphasis supplied.) It should be abundantly clear, therefore, that the 1977 amendment was intended to place the costs of preparing transcripts upon the individual who, by prosecuting an appeal, made it necessary for those *629 transcripts to be prepared and who is able to afford the cost thereof. Far from being “an unfortunate oversight”, as the Appellate Division reasoned (94 AD2d 863, 865), the omission of a provision permitting payment out of the public coffers of a nonindigent’s costs of preparing the transcript required to be filed was specifically designed to reduce unnecessary expenditures of public funds. (See Bellacosa, Practice Commentary, op. cit.) This court should not amend the statute by inserting words into it that the Legislature did not see fit to include. (Eastern Paralyzed Veterans Assn. v Metropolitan Transp. Auth., 79 AD2d 516, 517; McKinney’s Cons Laws of NY, Book 1, Statutes, § 363, p 525.)
That the 1977 amendment was intended to provide for public assumption of costs only where the defendant is indigent is made clear by Assemblyman Siegel, the sponsor of the legislation, who wrote in his bill memorandum that “[t]his bill insures the preparation of transcripts at government expense only when the defendant manifests an actual intent to appeal and when the defendant is unable to afford transcripts.” (Emphasis supplied.) This piece of legislative history is entitled to great weight. (Civil Serv. Employees Assn. v County of Oneida, 78 AD2d 1004.)
Further support for this view is found in a memorandum of the Office of Court Administration submitted in support of the 1977 amendment, which states, in part, that “[b]y the courts’ not ordering the minutes until a poor person application is made, the public is also spared the expense of paying for minutes in cases where the defense is able to afford them.” (McKinney’s Session Laws of NY, 1977, p 2631 [emphasis supplied].) Additionally, the State Comptroller has interpreted the statute to mean that “where the defendant takes an appeal and is not indigent, the cost of transcripts must be borne by the defendant.” (1981 Opns St Comp No. 81-23.) As agencies charged with implementing the statute, these opinions should not be lightly disregarded. (Matter of Howard v Wyman, 28 NY2d 434.)
In view of the conspicuous omission from the present statute, as compared with the previous statute, of a provision authorizing public payment for transcripts required to be filed solely as a result of a nonindigent defendant’s *630 decision to prosecute an appeal and the clear legislative history of the law indicating an intent to provide public payment of such costs only for indigent persons, I would reverse the order of the Appellate Division and dismiss plaintiff’s complaint.
Judges Jones, Meyer, Simons and Kaye concur; Judge Jasen dissents and votes to reverse in an opinion in which Judge Wachtler concurs; Chief Judge Cooke taking no part.
Order affirmed, with costs, in a memorandum.

 The statute provided, in pertinent part, as follows: “When an appeal is taken by a defendant pursuant to section 450.10, the criminal court in which the judgment, sentence or order being appealed was entered or imposed must within two days after the filing of the notice of appeal therein, direct the stenographer to make and to file with the court, within twenty days, two transcripts of the stenographic minutes of the proceedings constituting the record on appeal. The expense of such transcripts is a county charge or city charge, as the case may be, payable to the stenographer out of the court fund, or out of the juror’s fund or out of any other available fund, upon the certificate of the criminal court. The appellate court may where such is necessary for perfection of the appeal, order that the criminal court furnish one of such transcripts to the defendant or his counsel.” (Emphasis supplied.)