In the Matter of CARRET & COMPANY, INC., Appellant, v STATE TAX COMMISSION, Respondent.

Third Department, June 29, 1989

APPEARANCES OF COUNSEL

*Jerome R. Rosenberg* for appellant.

*Robert Abrams, Attorney-General (Wayne L. Benjamin* and *Julie S. Mereson* of counsel), for respondent.

## OPINION OF THE COURT

MIKOLL, J.

Petitioner is a brokerage and investment counselling firm which also made investments for its own account. During petitioner's fiscal year ending September 30, 1979, it bought and sold eight soybean futures contracts on the Chicago Board of Trade realizing a net gain of $214,215. Petitioner reported this gain on its State corporation franchise tax return as investment income. The Audit Division of the Department of Taxation and Finance, after an audit, issued a notice of deficiency for additional tax due, concluding that the net gain was not investment income but ordinary business income.

After a hearing before respondent, the notice of deficiency was sustained. Respondent held that the commodities futures contracts were not "other securities" within the meaning of Tax Law § 208 (5) and did not meet the requirements of 20 NYCRR 3-4.2 (c) which defined "other securities" and, therefore, had to be reported as business income.

Petitioner brought this CPLR article 78 proceeding to annul respondent's determination. In dismissing the petition, Supreme Court found that contract futures do not constitute "other securities" as they were not issued for the purpose of financing corporate enterprises and did not distribute any rights in or obligations of a corporate entity. The court concluded that they were executory contracts binding the holder to purchase or sell a specific commodity at a specific price at a future date. This appeal ensued.

We affirm. Investment income is defined by Tax Law § 208 (6) as income earned from investment capital. Investment capital, insofar as pertinent, means investments in stocks, bonds and other securities (Tax Law § 208 [5]). The term "other securities" is defined by regulation as: "securities issued by governmental bodies and securities issued by corporations of a like nature as stocks and bonds, which are customarily sold in the open market or on a recognized exchange, designed as a means of investment, and issued for the purpose of financing corporate enterprises and providing a distribution of rights in, or obligations of, such enterprises" (20 NYCRR 3-

4.2 [c]). Included in the definition are, *inter alia,* "debentures, notes of a type commonly dealt in upon securities exchanges" and "other instruments evidencing proprietary rights in corporate enterprises which have many of the essential characteristics of stock" (20 NYCRR 3-4.2 [c]). Excluded from the definition are: "corporate obligations not commonly known as securities, such as real property bonds and mortgages, chattel bonds and mortgages, contracts of sale, purchase money obligations, short-term notes * * * bills of lading, bills of exchange, bankers' acceptances and other commercial instruments" (20 NYCRR 3-4.2 [c]). The test to determine if an interest is a security is whether there is "an investment of money in a common enterprise with profits to come solely from the efforts of others" *(Securities & Exch. Commn. v Howey Co.,* 328 US 293, 301; *see, All Seasons Resorts v Abrams,* 68 NY2d 81, 92). This is known as the *Howey* test *(supra,* at 92).

In the case at bar, petitioner does not challenge the validity of 20 NYCRR 3-4.2 (c). The regulation is in harmony with the spirit and purpose of the statute *(see, Matter of Zalenski v Crucible Steel,* 91 AD2d 807, 809). Commodities futures contracts are not embraced within 20 NYCRR 3-4.2 (c) as their purpose is not for financing a corporate enterprise or for providing a distribution of rights or obligations in the enterprise. Also, futures contracts do not meet the requirement of the *Howey* test in that profits do not solely result from the efforts of others *(see, McCurnin v Kohlmeyer & Co.,* 340 F Supp 1338, 1341). Futures contracts clearly are contracts to buy or sell a commodity at a specified price at a future date whether they are in the possession of a hedger or a speculator. Petitioner's motive in the case at bar was to invest money and earn a profit, but such motive does not determine that petitioner's futures contracts were investment capital within the meaning of Tax Law § 208 (5) *(see, Sinva, Inc. v Merrill, Lynch, Pierce, Fenner & Smith,* 253 F Supp 359, 367), as petitioner urges, since some transactions which may be seen as investments, such as securities issued by individuals or trusts and partnerships, are specifically excluded (20 NYCRR 3-4.2 [b]). Corporate obligations, such as real property bonds and mortgages and contracts for sale, are also excluded (20 NYCRR 3-4.2 [c]). Accordingly, the conclusion that futures

contracts do not constitute "other securities" is rational and supported by the record.

MAHONEY, P. J., WEISS, YESAWICH, JR., and LEVINE, JJ., concur.

Judgment affirmed, with costs.