■ In the Matter of POHATCONG INVESTORS, INC., Petitioner, v COMMISSIONER OF TAXATION AND FINANCE et al., Respondents.—Harvey, J. Proceeding pursuant to CPLR article 78 (initiated in this court pursuant to Tax Law § 2016) to review a determination of respondent Tax Appeals Tribunal which sustained a corporate franchise tax assessment imposed under Tax Law article 9-A.

The facts are not disputed. Petitioner, an investment company, computed its New York corporate franchise tax report for the fiscal year ending February 28, 1981 on the basis of its allocated business and investment income and paid the tax it deemed to be owing. The Audit Division of the Department of Taxation and Finance thereafter issued to petitioner a statement of audit adjustment and notice of deficiency for the applicable period based on its determination that petitioner's reported net income from trading stock options* should have been allocated at the business allocation percentage of 100% rather than the 4.665% investment allocation utilized by petitioner. Petitioner filed a petition for redetermination of the deficiency or for a refund of the tax. The Administrative Law Judge denied the petition and a notice of exception was filed. Respondent Tax Appeals Tribunal affirmed the determination and petitioner commenced this CPLR article 78 proceeding.

The issue to be decided is whether there is a rational basis

---

* A stock option gives the holder the right, but not the obligation, to buy or sell (a "call" or a "put") a specified amount of an underlying stock at the exercise price on or before a certain date.

for the Tribunal's conclusion that income derived from the sale of stock options is business income rather than investment income. We conclude that there is and, accordingly, confirm the determination.

Investment income is defined by Tax Law § 208 (6) as income derived from investment capital. Tax Law § 208 (5) defines investment capital as "investments in stocks, bonds and *other securities*" (emphasis supplied). Petitioner contends that covered call options are within the meaning of "other securities", which is defined in 20 NYCRR 3-4.2 (c) as: "securities issued by governmental bodies and securities issued by corporations of a like nature as stocks and bonds, which are customarily sold in the open market or on a recognized exchange, designed as a means of investment, and issued for the purpose of financing corporate enterprises and providing a distribution of rights in, or obligations of, such enterprises." While conceding that the writing of call options meets the definition of "other securities" to some extent (they are sold on the open market or a recognized exchange and have as one of their purposes the financing of a corporate enterprise), the Tribunal nonetheless concluded that the writing of stock options does not meet the essential characteristics of securities as listed in the applicable regulation.

With this conclusion we must agree. Rather than determining whether a particular instrument is properly labeled a security, it is appropriate to look at its function and "search for substance over form with emphasis on economic realty" *(Matter of Avon Prods. v State Tax Commn.,* 90 AD2d 393, 395). Here, it is apparent that the subject options were not designed as "a means of investment" (20 NYCRR 3-4.2 [c]). Petitioner received income from *creating* the options and selling them, in contrast to the purchaser or holder of the option contract who truly has an investment.

The Tribunal rationally concluded that petitioner did not provide the purchasers of its options with "a distribution of rights in, or obligations of, such enterprises" (20 NYCRR 3-4.2 [c]) as would be provided by a corporation issuing shares of stocks or bonds. Similar to the situation in *Matter of Carret & Co. v State Tax Commn.* (148 AD2d 40), it is apparent that options contracts, like commodities futures contracts, are contracts to buy or sell at a future date that do not provide a distribution of rights or obligations in the enterprise. The Tribunal's interpretation of 20 NYCRR 3-4.2 (c) to mean that the instrument must provide a distribution of rights or obligations in the issuing corporation is not irrational and must be

upheld *(see, Matter of Mobil Intl. Fin. Corp. v New York State Tax Commn.,* 117 AD2d 103, 106).

Finally, petitioner points to other State and Federal statutes which specifically define, or have been interpreted as defining, the term "securities" to include options. We note that this fact is immaterial since petitioner did not challenge the validity of 20 NYCRR 3-4.2 (c) at its administrative proceeding. This court has already stated that the "regulation is in harmony with the spirit and purpose of [Tax Law § 208 (5)]" *(Matter of Carret & Co. v State Tax Commn., supra,* at 42).

Determination confirmed, and petition dismissed, without costs. Kane, J. P., Weiss, Yesawich, Jr., Mercure and Harvey, JJ., concur.