In the Matter of BUFFALO COLUMBUS HOSPITAL, Respondent, v DAVID AXELROD, as Commissioner of Health, et al., Appellants.

Fourth Department, April 26, 1991

## APPEARANCES OF COUNSEL

*Robert Abrams, Attorney-General (Clifford Royael* and *Peter G. Crary* of counsel), for appellants.

*Cohen, Swados, Wright, Hanifin, Bradford & Brett (Larry Kerman* of counsel), for respondent.

## OPINION OF THE COURT

LOWERY, J.

The question raised by this appeal is whether respondents' interpretation and application of Public Health Law § 2807-c (11) (a) was unlawful, arbitrary, capricious and an abuse of discretion. Supreme Court granted the CPLR article 78 petition, concluding that respondents had acted illegally in retroactively readjusting the Medicaid rate for alternate level care straddle patients and in recouping the alleged overpayments from petitioner. Respondents appeal.

Petitioner Buffalo Columbus Hospital provides medically necessary hospital services (acute care), as well as posthospital extended care to patients no longer in need of acute care (alternate level care or ALC). Petitioner provides these services to the indigent and is reimbursed in accordance with the provisions of the Public Health Law. The Department of Social Services administers the program and is the payor for Medicaid. Prior to legislation adopted in 1987, petitioner was reimbursed for the cost of providing both acute care and ALC services to patients covered by Medicaid on a per diem basis (*see,* Public Health Law § 2807-a). Effective January 1, 1988, Medicaid reimbursement rates were assessed on a per case basis for acute care services and on a per diem basis for ALC services (*see,* Public Health Law § 2807-c [1], [4] [h]; 10 NYCRR 86-1.50 *et seq.*). The effect of the 1987 legislation was to reduce reimbursement rates for services rendered to ALC patients who were admitted to the hospital after January 1, 1988. The statute includes an exception for patients admitted to the hospital prior to January 1, 1988, but receiving services thereafter. The reimbursement rate for these patients, com-

monly referred to as straddle patients, would be continued at the rate established pursuant to the prior statute, trended for inflation (see, Public Health Law § 2807-c [11] [a]). The exception, however, did not specify whether it covered only acute care patients or both acute care and ALC patients.

In pertinent part, Public Health Law § 2807-c (11) (a) provides as follows: "Notwithstanding any inconsistent provision of this chapter or any other law to the contrary, payment for inpatient hospital services provided on or after January first, nineteen hundred eighty-eight to a patient admitted to a general hospital prior to January first, nineteen hundred eighty-eight otherwise eligible for payment on a case based payment per discharge basis for a diagnosis-related group shall be at the rate of payment for such general hospital for such patient in effect for December thirty-first, nineteen hundred eighty-seven".

From January 1, 1988 to July 3, 1989, respondents reimbursed petitioner for both acute care and ALC straddle patients at a rate pursuant to Public Health Law § 2807-c (11) (a). On July 3, 1989, respondents advised petitioner they would be applying retroactively Public Health Law § 2807-c (4) (h) to ALC straddle patients and that they would adjust future payments to recoup the overpayments that they had previously made. Respondents contend that their action was prompted by a plain reading of Public Health Law § 2807-c (11) (a) because it applied only to patients otherwise eligible for payments on a case based payment method, which they claim necessarily includes only acute care patients.

The propriety of respondents' actions turns on whether their interpretation of Public Health Law § 2807-c (11) (a) as excluding ALC straddle patients rationally and reasonably reflects the intent of the Legislature. It is well settled that an agency's interpretation of the statutes it administers must be upheld absent demonstrated irrationality or unreasonableness (see, Matter of Lezette v Board of Educ., 35 NY2d 272, 281; Matter of Howard v Wyman, 28 NY2d 434, 438, rearg denied 29 NY2d 749; Matter of Flowers v Perales, 140 AD2d 136, 142-143; McKinney's Cons Laws of NY, Book 1, Statutes § 129). Here, respondents' interpretation of the statute is not rational or reasonable.

Public Health Law § 2807-c (11) (a) is not clear on its face. Hence, extrinsic evidence and the rules of construction must be used to determine the statute's meaning (see, Civil Serv.

*Employees Assn. v County of Oneida,* 78 AD2d 1004, 1005, *lv denied* 53 NY2d 603). Because there is no extrinsic evidence, the statute must be interpreted by the rules of construction. In doing so, the task is to endeavor to give the statute the effect intended by the Legislature *(see, Matter of State of New York v Ford Motor Co.,* 74 NY2d 495; McKinney's Cons Laws of NY, Book 1, Statutes §§ 71, 92).

Initially, a phrase should be read as modifying its immediate antecedent; in this case the phrase "otherwise eligible for payment on a case based payment per discharge basis" found in Public Health Law § 2807-c (11) (a) modifies "hospital" *(see,* McKinney's Cons Laws of NY, Book 1, Statutes § 254; *see also, Matter of Mularadelis v Haldane Cent. School Bd.,* 74 AD2d 248, 253-254). Additionally, the statute should be construed in its most obvious and natural sense *(see, Matter of Fullerton v General Motors Corp.,* 46 AD2d 251, 252). The most natural reading of Public Health Law § 2807-c (11) (a) suggests that the phrase "otherwise eligible for payment on a case based payment per discharge basis" modifies "hospital". Thus, application of these simple, general rules indicates that respondents' interpretation, that the phrase modifies "patient[s]" and thus the statute by its terms excludes ALC straddle patients, cannot be upheld. Moreover, the absence of an exclusion in the statute for ALC straddle patients creates a presumption that the Legislature intended that they be included in the statutory scheme *(see, Eaton v New York City Conciliation & Appeals Bd.,* 56 NY2d 340, 346; McKinney's Cons Laws of NY, Book 1, Statutes § 240; *cf., Pajak v Pajak,* 56 NY2d 394). Furthermore, the fact that respondents interpreted the statute as including ALC straddle patients for 18 months is entitled to great weight *(see,* McKinney's Cons Laws of NY, Book 1, Statutes § 129; *see also, Bullock v Cooley,* 225 NY 566, 571). In any event, exceptions should be the product of legislative action, not administrative or judicial construction (McKinney's Cons Laws of NY, Book 1, Statutes § 114).

Taking the rules of construction into account, it is clear that Public Health Law § 2807-c (11) (a) applies to both acute care and ALC straddle patients *(see, Matter of Hospital Assn. v Axelrod,* 165 AD2d 152).

Accordingly, respondents' action in adopting and applying the contrary interpretation was arbitrary, capricious and unlawful, and the judgment should be affirmed.

CALLAHAN, J. P., DOERR, GREEN and BALIO, JJ., concur.

Judgment unanimously affirmed, without costs.