■ In the Matter of RCA International Development Corporation, Appellant, v New York City Tax Appeals Tribunal et al., Respondents. [677 NYS2d 127] —Determination of respondent New York City Tax Appeals Tribunal dated December 20, 1996, which sustained the determination of respondent Commissioner of the Department of Finance of the City of New York, dated March 29, 1985, assessing a general corporation tax deficiency against petitioner for the years 1980, 1981 and 1982, confirmed, the petition denied and the proceeding brought pursuant to CPLR article 78 dismissed, without costs.

Deferring to respondents' expertise with respect to whether particular instruments are "designed as a means of investment" within the meaning of former General Corporation Tax Regulation (20 NYCRR) § 3.31 (c), thereby qualifying as "other securities" within the meaning of former Administrative Code of the City of New York § R46-2.0 (4) (now § 11-602 [4]) entitled to the favorable tax treatment accorded income derived from investment capital (*see, Matter of Mobil Intl. Fin. Corp. v New York State Tax Commn.*, 117 AD2d 103, 106-107), substantial evidence supports respondents' determination that the subject short term commercial notes, issued by RCA Corporation to petitioner, its wholly owned subsidiary, did not constitute such "other securities". It is for respondents, not the court, to weigh conflicting factors and draw the appropriate inferences. We have considered petitioner's other arguments, including that the determination should be annulled because of administrative delays in adjudicating petitioner's protest, and find them to be without merit (*see, Matter of Cortlandt Nursing Home v Axelrod*, 66 NY2d 169, 178, *cert denied* 476 US 1115). Concur—Sullivan, J. P., Rosenberger, Ellerin and Andrias, JJ.

Nardelli, J., dissents in a memorandum as follows: Initially, I disagree with the majority's determination that we should defer to respondent's expertise, since deference is not given to an administrative agency with respect to questions of law, such as when the agency applies a statute or its own regulations. "Where the interpretation of a statute or its application involves knowledge and understanding of underlying operational practices or entails an evaluation of factual data and inferences to be drawn therefrom, the courts regularly defer to the governmental agency charged with the responsibility for administration of the statute. If its interpretation is not irrational or unreasonable, it will be upheld. (*Matter of Howard v Wyman*, 28 NY2d 434; cf. *Ostrer v Schenck*, 41 NY2d 782, 786.) Where, however, the question is one of pure statutory reading and analysis, dependent only on accurate apprehension of legislative intent, there is little basis to rely on any special competence or expertise of the administrative agency and its interpretive regulations are therefore to be accorded much less weight. And, of course, if the regulation runs counter to the clear wording of a statutory provision, it should not be accorded any weight [citation omitted]." (*Kurcsics v Merchants Mut. Ins. Co.*, 49 NY2d 451, 459.)

Here, the respondent determined that the income attributable to notes purchased by petitioner from its parent corporation did not constitute investment income but rather was taxable as interest income from "business capital." This analysis was made based on the affiliation between the parent RCA, which issued the notes, and petitioner, which is a subsidiary with a very close relationship. However, the State Tax Appeals Tribunal has previously indicated that there is no authority for the proposition that "whether an instrument is an investment depends *upon the source of the decision to advance the funds*" (*Matter of Siemens Capital Corp.*, 1994 NY Tax LEXIS 640, *31 [emphasis added]).

In addition, the notes yielded substantial interest that was attributable solely to RCA's efforts (*see, Matter of Carret & Co. v State Tax Commn.*, 148 AD2d 40, 42) and the interest received was higher than that from the short-term certificates of deposit in foreign third parties in which petitioner had previously been investing its excess funds.

Finally, I believe that there was substantial evidence in the record that, contrary to respondent's findings, the notes were *not* purchased solely to serve RCA's needs in that there *was* an investment purpose as well as an investment strategy on the part of petitioner. Buying notes sold to third parties directly

from the issuer without the expense of brokerage fees, thereby increasing the effective return, is a good investment strategy. Furthermore, petitioner, being closely affiliated to the issuer, could have had faith in the stability and risk-free character of the commercial paper it was purchasing.

Accordingly, I would annul the determination of respondent and find that the notes did constitute investment capital under section R46-2.0 (4) of the Administrative Code of the City of New York.