# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**833**

**CAE 14-01394**

PRESENT: SCUDDER, P.J., PERADOTTO, LINDLEY, VALENTINO, AND WHALEN, JJ.

---

IN THE MATTER OF FRANK VESCERA AND JAMES ZECCA,
PETITIONERS-APPELLANTS,

V                                          MEMORANDUM AND ORDER

RUSSELL STEWART, ROSE GRIMALDI, COMMISSIONERS
OF ONEIDA COUNTY BOARD OF ELECTIONS, AND FRANK
MEOLA, RESPONDENTS-RESPONDENTS.

---

LAW OFFICES OF JAMES E. WALSH, BALLSTON SPA (JAMES E. WALSH OF
COUNSEL), FOR PETITIONERS-APPELLANTS.

PETER M. RAYHILL, COUNTY ATTORNEY, UTICA (HARRIS J. SAMUELS OF
COUNSEL), FOR RESPONDENTS-RESPONDENTS RUSSELL STEWART AND ROSE
GRIMALDI, COMMISSIONERS OF ONEIDA COUNTY BOARD OF ELECTIONS.

---

Appeal from an order of the Supreme Court, Oneida County (Norman I. Siegel, J.), entered August 8, 2014 in a proceeding pursuant to Election Law article 16. The order, insofar as appealed from, invalidated the designating petitions of petitioners.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Petitioners Frank Vescera and James Zecca filed designating petitions purporting to nominate them as Democratic Party candidates for the respective public offices of president and member at large of the City of Utica Common Council. The Oneida County Board of Elections determined that the designating petitions did not contain a sufficient number of valid signatures, and petitioners commenced this proceeding to validate the designating petitions. Supreme Court concluded after a hearing that the designating petitions were invalid and, in effect, dismissed the petition. We affirm.

Election Law § 6-136 (2) provides that designating petitions for non-statewide public office generally must be signed by five percent of the active enrolled party members in the relevant political unit, but that the number of signatures "need not exceed" enumerated thresholds for specific public offices. At the hearing, the parties stipulated that five percent of the number of active enrolled Democrats in the City of Utica is 708, and that there are 653 valid signatures on the designating petitions. Petitioners contend, however, that only 500 signatures are required pursuant to § 6-136 (2) (f) or, alternatively, pursuant to § 6-136 (2) (i) and (j).

We agree with the court that the citywide positions at issue are "to be filled by all the voters of [a city] . . . containing more than twenty-five thousand and not more than two hundred fifty thousand inhabitants" (Election Law § 6-136 [2] [e]), rather than "all the voters of . . . a councilmanic district" (§ 6-136 [2] [f]). We note that the fact that the population of the City of Utica exceeds 25,000 is "a proper subject of judicial notice" (*Matter of Siwek v Mahoney*, 39 NY2d 159, 163 n 2; *see Scoville v Cicoria*, 65 NY2d 972, 974 n).

Election Law § 6-136 (2) (j) provides that the number of signatures required "[f]or any office to be filled by all the voters of any political subdivision, except as herein otherwise provided, contained within another political subdivision, [need] not . . . exceed the number of signatures required for the larger subdivision." Petitioners therefore contend that their designating petitions require only 500 signatures because the City of Utica is wholly within a single assembly district (*see* § 6-136 [2] [i]). We agree with the court, however, that the phrase "except as herein otherwise provided" modifies "any political subdivision," such that § 6-136 (2) (j) has no application to public offices in political subdivisions for which a specific provision exists elsewhere in the statute (*see generally Matter of Buffalo Columbus Hosp. v Axelrod*, 165 AD2d 605, 608). Because § 6-136 (2) (e) applies to citywide public offices in the City of Utica, § 6-136 (2) (j) does not apply. The applicable signature requirement is therefore the lesser of 1,000 or five percent of the number of enrolled Democrats in the City of Utica. Here, the five percent figure, i.e., 708, is the lesser number, and the court properly determined that the designating petitions are invalid on the ground that they do not contain at least 708 valid signatures.

Petitioners' contention premised on the New York Constitution is raised for the first time on appeal, and we therefore do not consider it (*see Matter of Scott v City of Buffalo*, 67 AD3d 1393, 1394, *lv denied* 14 NY3d 710; *see also Matter of McGee v Korman*, 70 NY2d 225, 231-232; *Matter of Iocovozzi v Herkimer County Bd. of Elections*, 76 AD3d 797, 798).

Entered: August 20, 2014                    Frances E. Cafarell
                                            Clerk of the Court