In the Matter of Raymond M. Fisher, Respondent, against New York State Employees' Retirement System et al., Appellants.

Third Department, January 9, 1952.

*Nathaniel L. Goldstein, Attorney-General (Wendell P. Brown, Solicitor-General,* and *Edward L. Ryan* of counsel), for appellants.

*John T. DeGraff* for respondent.

Coon, J. The facts upon which this appeal is based are undisputed. Petitioner, who had been employed in State service since 1932, joined the New York State Employees' Retirement System on June 21, 1943. Upon his application he was given credit for some prior service for which he did not pay contributions, and credit for previous member service from March 3, 1931 to June 21, 1943, for which he did pay contributions.

On February 15, 1949, he was discontinued from State service through no fault or delinquency of his own, and applied for retirement allowance pursuant to section 77 of the Civil Service Law. The Comptroller approved his application and computed his retirement allowance in accordance with subdivision b of that section, contending that the provisions thereof apply to those who became members of the system on or after April 8, 1943. Petitioner contends that his retirement allowance should have been computed in accordance with paragraph 4 of subdivision a of section 77, and has brought this proceeding to compel payment thereunder.

Petitioner was forty-eight years of age at the time he applied for a retirement allowance. Concededly, he had to his credit more than twenty years continuous service (as distinguished from total service). The subdivision of the statute which petitioner claims is applicable to his situation grants certain pension benefits to those over forty-five years of age for twenty years of "continuous service," whereas the subdivision which the Comptroller claims applicable, does not. It is unnecessary to discuss the provisions in detail, because the only question here is which subdivision applies.

Petitioner's status must be determined pursuant to section 77 of the Civil Service Law because it became effective July 1, 1948 (L. 1947, ch. 841), and was in effect when petitioner filed his application. However, section 77 is but a recodification of existing statutes. It adds or detracts nothing of a substantive nature, nor does it increase or decrease any existing rights. It could not, constitutionally. (N. Y. Const., art. V, § 7.) The law expressly says it does not. (Civil Service Law, § 95.) The Comptroller concedes that it does not.

Referring back to the original laws, we find that chapter 373 of the Laws of 1943 (which petitioner claims applicable) became a law, effective immediately, on April 7, 1943. Chapter 393 of the Laws of 1943 (which the Comptroller claims applicable) became a law, effective immediately, on April 8, 1943. Though effective only one day apart, each of these laws has its own particular purpose and effect. Petitioner urges at length, and the lower court apparently thought it important, that chapter 393 does not expressly or by implication repeal chapter 373, and that therefore chapter 373 governs petitioner's application. It is perfectly true that chapter 393 did not repeal chapter 373. Defendants make no such contention. Chapter 373 continued, with slight changes, already existing provisions affecting those who were *already members of the system or who might become*

*members before the law was changed.* Chapter 373 still remains in full force and effect as to those falling within that classification. Chapter 393 did not, as the lower court suggests, take anything away from them. It expressly says that it was not the intention of the Legislature to do so. Section 2 of chapter 393 reads: " Nothing herein contained is intended to or shall be construed to diminish or impair the benefits of persons who are members of the New York state employees' retirement system at the effective date of this act." By this expressed intention that the act shall not affect the rights of those " who are members ", it follows by implication that it was the legislative intent to affect those who thereafter became members. Moreover, the constitutional prohibition prevented any change in rights *already acquired* by those who were then members of the system. (N. Y. Const., art. V, § 7.)

The Legislature could (and did by chapter 393), however, limit the rights of those who might *thereafter* become members of the system, including the petitioner. The draftsman's note says that the intention of chapter 393 was to " limit ". While this note is not law, it is properly considered, in determining the intention of the Legislature. (McKinney's Cons. Laws of N. Y., Book 1, Statutes [1942 ed.], § 125.) The act itself does limit, and of course could apply only to those thereafter becoming members of the system. Thus we have a clear cut dividing line, with chapter 373 applying to those who were members of the system prior to April 8, 1943, and chapter 393 applying to those becoming members after that date. It is entirely unnecessary that it be expressly so provided in the acts. Upon recodification by chapter 841 of the Laws of 1947, the respective sections were headed with that distinction for clarity and simplification, but such headings added nothing that did not already exist.

Petitioner became a member of the system on June 21, 1943, when chapter 393 was in full force and effect. The fact that he was thereafter given credit for previous member service and made the contribution therefor does not alter his status. " A person does not become a member of the State system until his actual entry ". (*Matter of Wexner* v. *State Retirement System,* 272 App. Div. 185, 189, affd. 297 N. Y. 810.)

It follows that chapter 393 of the Laws of 1943, now subdivision b of section 77 of the Civil Service Law, governs petitioner's retirement allowance. To hold that chapter 373 of the Laws of 1943, now subdivision a of section 77, governs, would nullify and render ineffectual chapter 393, which is, and

was at the time petitioner became a member, a valid existing statute, in full force and effect. The Comptroller has correctly computed petitioner's retirement allowance.

The order should be reversed, on the law, and the petition dismissed, without costs.

FOSTER, P. J., HEFFERNAN, BREWSTER and BERGAN, JJ., concur.

Order reversed, on the law, and the petition dismissed, without costs.