In the Matter of the Claim of JOSEPH A. CLARK, Respondent, against FEDDERS-QUIGAN CORPORATION et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.

Third Department, June 18, 1954.

*Frank C. Roberts* for appellants.

*Nathaniel L. Goldstein, Attorney-General (Carl Madonick* and *Roy Wiedersum* of counsel), for Workmen's Compensation Board, respondent.

Foster, P. J.   This appeal raises the issue as to the validity of an award made by the Workmen's Compensation Board for reimbursement to claimant in the sum of $450 for expenses incurred on a trip to Florida.

Claimant, whose occupation was that of a maintenance man, became disabled on December 21, 1950, from emphysema, which was found to be an occupational disease contracted in his

employment. As a result of this condition claimant was totally disabled from December 29, 1950, to July 17, 1952, and on the latter date he was still disabled. The employer and its insurance carrier accepted liability for this disability and have made payments of compensation to the claimant pursuant to awards made therefor. There is no issue on this appeal raised as to these matters.

However, the board found above and beyond the foregoing that it was medically advisable for claimant to try a period of residence in a warm, dry climate in an attempt to relieve the symptoms of bronchitis and emphysema. Without authorization from the board claimant went to Florida and incurred expenses amounting to $450 for which the award for reimbursement has been made. Appellants contend that there was no evidence that claimant was directed as part of his medical treatment to take a trip to Florida, and also that any such direction would not constitute medical treatment within the purview of the Workmen's Compensation Law.

Although claimant received no authorization from the board he did have a letter from his physician, dated December 5, 1951, which advised him that it would be medically desirable for him to try a period of residence in a warm, dry climate. In addition his physician testified at the hearing on December 20, 1951, and before claimant went to Florida, that a change of climate would be worth trying. He characterized such a change as a therapeutic trial.

We are not prepared to say as a matter of law that a change of climate advised by a competent physician is not medical treatment within the purview of the Workmen's Compensation Law. The employer is obliged under the statute to provide for an injured employee such medical, surgical or other attendance or *treatment,* as the nature of the injury or the process of recovery may require (Workmen's Compensation Law, § 13). There is nothing in the statute which defines treatment or restricts a broad and liberal interpretation of the term, and hence we think whether a change of climate advised by a physician is medical treatment within the meaning of the statute becomes in each instance a question of fact. While no authorization for the trip was procured from the board before it was made, claimant's explanation of that failure is that the issue of causal relation was then on appeal to the board and authorization could not be procured at that time. But in any event we think the board had power to subsequently approve the trip,

and the failure to obtain authorization is not fatal to the award.

Despite the foregoing we think the award must be reversed and the matter remitted to the board. The bill for expenses which claimant submitted not only included his expenses to and from Florida but also his living expenses while there. He would have had living expenses no matter where he was and such expenses can hardly be considered as a part of medical treatment, unless at least it is shown that they were above and beyond his normal living expenses at home. In the absence of such proof we think the board was without any power to grant an award which covered more than his actual traveling expenses.

The award should be reversed, with costs against the Workmen's Compensation Board in favor of the appellants, and the matter remitted to the board for such action as it may be advised.

BERGAN, COON, HALPERN and IMRIE, JJ., concur.

Award reversed, with costs against the Workmen's Compensation Board in favor of the appellants, and the matter remitted to the board for such action as it may be advised.