In the Matter of the Claim of ELSIE LA ROSE, Respondent, *v.* WURZBURGER HOF et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.

Third Department, November 1, 1967.

*Adams, Brown, Starrett & Maloney* (*Arthur J. Maloney* of counsel), for appellants.

*Tiernan & Borowiec* for claimant-respondent.

*Louis J. Lefkowitz, Attorney-General* (*Henriette Frieder* and *Daniel Polansky* of counsel), for Workmen's Compensation Board, respondent.

GIBSON, P. J.    Appeal is taken by an employer and its insurance carrier from so much of a decision of the Workmen's Compensation Board as directed the carrier to pay for the replacement of claimant's dentures, which were damaged beyond repair when claimant, a charwoman, fell from a chair upon which she was standing while washing a window, and struck her chin and lip against the sill, sustaining a laceration of the lower lip, which required four or five sutures, and contusions and abrasions of the chin, forehead and knees.    In affirming the Referee's award the majority of the board panel found "that since the claimant sustained an accidental injury in the area of the mouth, and as a result had her dentures destroyed, the carrier was properly held liable."    The dissenting member, noting that the dentures had not been supplied "in the first instance to replace  *  .  *  * a portion or part of the body  *  *  *  needed as a result of [an] industrial accident", citing subdivision (a) of section 13 of the Workmen's Compensation Law, considered that the carrier was not liable and remarked that had the Legislature intended to impose liability in such a case it would have clearly stated its intention, as it had done in section 11-a of the Volunteer Firemen's Benefit Law.

The governing statute, so far as here pertinent, provides as follows: " The employer shall promptly provide for an injured employee such medical, surgical, optometric or other attendance or treatment, nurse and hospital service, medicine, optometric services, crutches, eye-glasses, false teeth, artificial eyes and

apparatus for such period as the nature of the injury or the process of recovery may require. The employer shall be liable for the payment of the expenses of medical, surgical, optometric or other attendance or treatment, nurse and hospital service, medicine, optometric services, crutches, eye-glasses, false teeth, artificial eyes and apparatus, as well as artificial members of the body or other devices or appliances necessary in the first instance to replace, support or relieve a portion or part of the body resulting from and necessitated by the injury of an employee, for such period as the nature of the injury or the process of recovery may require, and the employer shall also be liable for replacements or repairs of such artificial members of the body or such other devices, eye-glasses, false teeth, artificial eyes or appliances necessitated by ordinary wear." (Workmen's Compensation Law, § 13, subd. [a].)

The language of the first sentence seems to us, rather readily and without undue strain, to require affirmance of the award. The "nature of the injury"—a blow to chin and lip and a laceration of the lip, destroying claimant's false teeth—required that the "employer * * * promptly provide for [the] injured employee * * * false teeth", this being necessary to render her whole, as nearly as could be; and, additionally, "the process of recovery", from all the injuries, reasonably required that to enable her to eat in a manner approaching the normal claimant be supplied with false teeth in substitution for the complete upper and lower plates destroyed. If, as appellants contend, this construction of the opening sentence is inconsistent with the reference in the second sentence to payment of the cost of such devices "necessary in the first instance" by reason of an industrial accident, the provision in the first sentence must control. Any other result would be not merely unreasonable but would run directly counter to the long-established rule of liberal construction that we are required to apply in construing the Workmen's Compensation Law. (*Matter of Delinousha* v. *National Biscuit Co.,* 248 N. Y. 93; *Matter of Sussman* v. *Goldstein Co.,* 9 A D 2d 3, 5, per Bergan, J.; McKinney's Cons. Laws of N. Y., Book 1, Statutes, § 302.)

The history of subdivision (a) supports, or at least does not interdict, the construction suggested. Prior to May 26, 1939, the first sentence thereof required, simply enough, that the employer provide "such medical, surgical or other attendance or treatment, nurse and hospital service, medicine, crutches and apparatus for such period as the nature of the injury or the process of recovery may require"; the second sentence imposing

liability upon the employer for payment of the expenses of the items thus enumerated " necessitated by the injury of an employee, for such period as the nature of the injury or the process of recovery may require ". An amendment effective May 26, 1939 left the first sentence unchanged but in the second sentence, first added to the items of services and appliances theretofore enumerated " artificial members of the body or other devices or appliances necessary in the first instance to replace * * * a portion or part of the body " and, second, provided that the employer should not be liable " for replacements or repairs " of the artificial member, devices or appliances initially supplied. (L. 1939, ch. 540.) In 1944, this exemption from liability " for replacements or repairs " was deleted and liability therefor expressly imposed by the simple substitution of the phrase " shall also be liable " for the words " shall not be liable ". (L. 1944, ch. 463.) It is arguable that the phrase " in the first instance " upon which appellants' interpretation of the statute largely depends was inserted in the 1939 act so as to effect consistency with the provision which was added at the same time to exempt employers for liability " for replacements or repairs " of the appliances initially supplied; and that when in 1944 the exemption was removed by the simple substitution of " also " liable for " not " liable, as hereinbefore indicated, the phrase " necessary in the first instance ", although not deleted, had no further function or meaning. Noted, parenthetically, is the indication that the amendatory bill originally introduced in 1939 did not carry the " necessary in the first instance " limitation and that this was added by the committee which reported the bill. (See Governor's Bill Jacket, L. 1939, ch. 540, and particularly letter of May 2, 1939 from Secretary-Treasurer of New York State Federation of Labor and memorandum of the Industrial Commissioner.)

It seems important to note, also, the fact that until the 1939 addition of the " artificial members * * * necessary in the first instance " clause, the devices or appliances were listed as " crutches, and apparatus necessitated by the injury ", without other qualification; and the amendment added, after " apparatus ", the clause in dispute, so that the provision then read, " crutches, and apparatus, *as well as artificial members of the body or other devices or appliances necessary in the first instance to replace, support or relieve a portion or part of the body* " (italics added) ; from which it is abundantly clear that the limiting clause " necessary in the first instance ", thus for the first time imported into the statute, applied only to " artificial mem-

bers * * * or other devices or appliances '' in the same clause and was not intended to apply to and for the first time limit such items as '' crutches, and apparatus '' which had long stood without limitation. Finally, the 1965 amendment (L. 1965, ch. 925) added the words '' eye-glasses, false teeth, artificial eyes '', and inserted them *between* the pre-existing words '' crutches '' and '' apparatus '' and not immediately before or immediately after the words '' artificial members of the body '' in the clause under discussion, so that the provision then read and now reads '' crutches, *eye-glasses, false teeth, artificial eyes* and apparatus, as well as artificial members * * * necessary in the first instance '' (italics added), and it thus becomes increasingly clear that the limitation '' necessary in the first instance '' had never applied to '' crutches, and apparatus '' and that there exists even less reason for considering that it applies to '' crutches, *eye-glasses, false teeth, artificial eyes* and apparatus ''.

Pursuing a broader approach to the issue of statutory intent, we find that the purpose of the 1965 amendment, in view of its sponsor at least, was stated in the memorandum of Senator Kraf that: '' This bill spells out the requirement that, as part of the treatment and care required to be given an injured employee, the employer be required to replace eyeglasses, false teeth or artificial eyes damaged in the accident. * * * A man who must use any of these appliances — eyeglasses, false teeth, artificial eyes — becomes, of necessity, dependent upon the appliance. To deprive an injured worker of the use of his appliances is to add unnecessarily to his injury.'' (N. Y. Legis. Annual, 1965, p. 407.) '' While [a draftsman's] note is not law, it is properly considered, in determining the intention of the Legislature. (McKinney's Cons. Laws of N. Y., Book 1, Statutes [1942 ed.], § 125.) '' (*Matter of Fisher* v. *New York State Employees' Retirement System,* 279 App. Div. 315, 318, affd. 304 N. Y. 899; *Matter of Schwartz* v. *Lefkowitz,* 21 A D 2d 13, 16, mot. for lv. to app. den. 14 N Y 2d 489.)

The decision should be affirmed, with costs to the Workmen's Compensation Board.

HERLIHY, REYNOLDS, AULISI and GABRIELLI, JJ., concur.

Decision affirmed, with costs to the Workmen's Compensation Board.