■ In the Matter of the Claim of GLENN E. SIMPSON, Respondent, v GLEN AUBREY FIRE COMPANY et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. — Appeal from a decision of the Workers' Compensation Board, filed January 30, 1981, made pursuant to the provisions of the Volunteer

Firemen's Benefit Law. Claimant suffered an acute lumbosacral strain while performing his duties as a volunteer fireman. After his discharge from the hospital, he was required to return to the hospital on a daily basis and also to his doctor's office. Claimant submitted a mileage reimbursement request for visits totaling 290 miles. The board directed that claimant be reimbursed at the rate of 20 cents per mile. This appeal ensued and the sole issue is whether claimant is entitled to reimbursement for expenses incurred in traveling to a hospital or physician's office for treatment. Initially, we note that there is no dispute that the traveling by claimant during the period in question was a necessary incident to and in furtherance of medical treatment. Section 16 of the Volunteer Firemen's Benefit Law provides that sections 13 to 13-1 of the Workers' Compensation Law, where not inconsistent, are applicable in a case such as that presented herein. Subdivision (a) of section 13 of the Workers' Compensation Law provides in pertinent part that the employer is obligated to provide an injured employee with such medical, surgical or other attendance or treatment as the nature of the injury or the process for recovery may require. The Workers' Compensation Law is remedial in nature and should be liberally construed so as to effectuate the economic and humanitarian objects of the act (*Matter of Merchant v Pinkerton's Inc.*, 50 NY2d 492). With the statute and its purpose in mind, we believe it follows that an injured employee is not only entitled to adequate medical treatment, but also access to such treatment. Implicit in such a conclusion is the fact that a claimant is entitled to the financial means to obtain such treatment. Many small communities do not have available certain necessary specialized services which are found only in larger areas. To deny an injured employee the means to travel to the area where the services are available could, in some cases, amount to a denial of treatment and result in a frustration of the purpose of the legislation. Consequently, we are of the view that the board properly directed the employer to reimburse claimant for traveling expenses (see *Matter of Clark v Fedders-Quigan Corp.*, 284 App Div 430). The decision should be affirmed. Decision affirmed, with costs to the Workers' Compensation Board. Mahoney, P. J., Sweeney, Kane, Casey and Weiss, JJ., concur.