OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be reversed, without costs, and the decision of the Workers’ Compensation Board reinstated.
*940 Claimant, a deputy sheriff of Tompkins County, injured his back when a motorcycle collided with his patrol car during the course of his employment. He was hospitalized on two occasions following the accident and received numerous treatments for relief of back pain. When these treatments failed, claimant’s orthopedist requested authorization from the insurance carrier for claimant to swim at either of two local motel pools as a rehabilitative measure. The orthopedist also noted that swimming instruction would be required inasmuch as claimant had never learned to swim. After the carrier rejected or ignored these requests, a referee conducted a hearing and ordered the carrier to negotiate and provide a swimming facility for claimant in the Ithaca area. The Workers’ Compensation Board affirmed this determination. The carrier then appealed and the Appellate Division reversed, concluding from its interpretation of section 13 of the Workers’ Compensation Law that supervised swimming was not an authorized treatment.
The sole issue presented is whether the requirement to provide swimming facilities and instruction in the circumstances of this case is authorized by section 13 of the Workers’ Compensation Law. We hold that it is.
Subdivision (a) of section 13 of the Workers’ Compensation Law requires the employer and/or its insurance carrier to provide prompt medical treatment for an injured employee, covering “such medical, surgical, optometric or other attendance or treatment, nurse and hospital service, medicine, optometric services, crutches, eyeglasses, false teeth, artificial eyes and apparatus for such period as the nature of the injury or the process of recovery may require” (emphasis added). The Appellate Division found that such a program was not explicitly authorized by the statute and that it was not encompassed by the broad phrase “other attendance or treatment” because a swimming instructor, unlike a physiotherapist or other enumerated professionals or paraprofessionals, is not explicitly authorized to render treatment under the active supervision of an authorized physician under other sections of the law (see Workers’ Compensation Law, § 13-c, subd 1; § 13-b, subd 1).
*941 The ruling ignores the fundamental principle that the Workers’ Compensation Law is to be liberally construed to accomplish the economic and humanitarian objects of the act (Matter of Merchant v Pinkerton’s Inc., 50 NY2d 492, 495; Matter of Husted v Seneca Steel Serv., 41 NY2d 140, 145). Consistent with this purpose the phrase “other attendance or treatment” has been broadly interpreted in the past (see Matter of Zylbergleit v Irving Rubber & Metal Co., 87 AD2d 929 [elevator chair to assist heart patient deemed medical treatment]; Matter of Clark v Fedders-Quigan Corp., 284 App Div 430 [“change of climate” held to be medical treatment]; cf. Matter of Carniato v Wheeler Corp., 7 AD2d 328, 329 [continued use of large amounts of whiskey as a vasodilator did not constitute treatment]). A supervised swimming program is a recognized rehabilitative measure (see Cover v T G & Y, 377 So 2d 792 [Fla]; Pickett v Industrial Comm., 26 Ariz App 213), and when prescribed by an orthopedist to rehabilitate a back injury qualifies as “other attendance or treatment” within the meaning of section 13 of the Workers’ Compensation Law. It is of no consequence that a swimming instructor is not explicitly authorized to render treatment under other sections of the statute, inasmuch as a doctor will administer the treatment here.
Chief Judge Cooke and Judges Jasen, Jones, Wachtler, Meyer, Simons and Kaye concur in memorandum.
Order reversed, etc.