■ In the Matter of the Claim of CELESTE MORRELL, Respondent, v ONONDAGA COUNTY, Appellant. WORKERS' COMPENSATION BOARD, Respondent. [656 NYS2d 512] —Mercure, J. Appeals from two decisions of the Workers' Compensation Board, filed December 23, 1994 and June 11, 1996, which ruled that claimant's current condition was caused by a prior exposure at work.

In 1988, claimant was employed as a caseworker by the Onondaga County Department of Social Services. In the spring of that year, claimant—along with other employees employed at the County's Civil Center building—began to experience significant eye, throat and nose irritation. The County Health Department investigated the source of the irritation and concluded that the respiratory symptoms were attributable to exposure to significant amounts of formaldehyde gas that was emitted from desks composed of a formaldehyde resin which had recently been purchased by the Department of Social Services and placed in offices in the Civil Center building. By September 1989, claimant's physician attributed her chronic

respiratory symptoms to "formaldehyde poisoning/exposure". Claimant stopped work at that time and was granted workers' compensation benefits for the formaldehyde exposure.

In November 1990, claimant was diagnosed with multiple myeloma, a cancer of the white blood cells. Asserting that there was a causal link between the formaldehyde exposure and her multiple myeloma, claimant sought to reopen the workers' compensation case. The case was reopened and, after a hearing, the Workers' Compensation Law Judge found that claimant's multiple myeloma was caused by formaldehyde exposure at her work site. In an amended decision filed June 11, 1996, the Workers' Compensation Board affirmed the decision and this appeal by the self-insured employer ensued.

The employer argues that claimant failed to establish by substantial evidence a causal relationship between her multiple myeloma and the formaldehyde exposure. We disagree. The expert testimony of William Sawyer, who was formerly a toxicologist for the County Health Department and had conducted the investigation into the formaldehyde exposure, and Michael Lax, a specialist in occupational medicine, combined with written medical reports by James Miller, a specialist in immunology, and Robert Polachek, claimant's family physician, provided a sufficient factual predicate for the Board's finding of causation. Although there was conflicting medical evidence as to whether claimant's form of cancer can be caused by formaldehyde exposure, it was within the Board's discretion to accept or reject such evidence (*see, Matter of Gonzalez v Ozalid Corp.*, 235 AD2d 859; *Matter of Kroeger v New York State Workers' Compensation Bd.*, 222 AD2d 912, *lv denied* 88 NY2d 801).

We have examined the employer's remaining contentions and find that they are either unpreserved for review or are without merit.

Cardona, P. J., White, Spain and Carpinello, JJ., concur. Ordered that the decisions are affirmed, without costs.