■ In the Matter of the Claim of CELESTE MORRELL, Respondent, v ONONDAGA COUNTY, Appellant. WORKERS' COMPENSA-

TION BOARD, Respondent. [664 NYS2d 168] —Mercure, J. Appeal from a decision of the Workers' Compensation Board, filed October 17, 1996, which, *inter alia*, ruled that the self-insured employer was responsible for payment of certain workers' compensation benefits.

During the course of her employment with the Onondaga County Department of Social Services, claimant exhibited chronic respiratory symptoms and subsequently contracted multiple myeloma as the result of exposure to formaldehyde at her work site. The Workers' Compensation Board made an award of workers' compensation benefits in favor of claimant on the basis of a finding of accidental exposure to formaldehyde, a determination subsequently upheld on appeal to this Court (238 AD2d 805, *lv denied* 90 NY2d 808). Thereafter, claimant requested that the self-insured employer pay for organic food, vitamin supplements and an air purifier in order to alleviate problems associated with claimant's upper airway irritation and chronic sinusitis resulting therefrom. The employer refused payment. Following a hearing, a Workers' Compensation Law Judge, *inter alia*, modified the prior award "to include consequential upper airway irritation and consequential sinusitis" and provided: "Request for an air purifier and for chemical free food and vitamin supplements should be honored by the self-insured employer as medically necessary. Claimant is directed to obtain specific information as to the items requested and the cost thereof for the [employer's] approval prior to purchase." On administrative appeal, the Board affirmed, finding, "based on the opinion of Dr. [Michael Lax], that the self-insured is responsible for payment for an air purifier, vitamin supplements and organic food". The employer now appeals to this Court.

Initially, we reject the contention that there was not substantial evidence to support the Board's finding that claimant's sinusitis and upper airway irritation were causally related to her prior compensable formaldehyde exposure. The bulk of the employer's argument on this point is really an attack on the Board's prior determination that claimant sustained a compensable injury due to formaldehyde exposure. Having previously affirmed that determination, we are not inclined to revisit the issue. As for the causal connection between that demonstrated exposure and the current ailment, we note that the testimony of Michael Lax, a physician, provided abundant record support for the Board's determination. Specifically, Lax stated his opinion with a reasonable degree of medical certainty that claimant's upper airway irritation was the result of

exposure to formaldehyde while claimant was employed by Onondaga County. He explained that the prior exposure apparently caused changes in claimant's upper breathing passages which increased her sensitivity to formaldehyde, even at low levels. As a result, Lax recommended an air filtration system, organic foods and vitamin supplements to lessen claimant's symptoms. Although the employer presented contrary evidence, this court will defer to the Board's assessment of conflicting medical evidence, especially when it involves the issue of causation (*Matter of Howell v Langie Fuel Serv.*, 241 AD2d 568, 570; *see, Matter of Morrell v Onondaga County, supra,* at 806; *Matter of Guzman v Display Creation,* 202 AD2d 709).

Slightly more problematic is the question of whether an air filtration system, vitamin supplements or organic products properly fall within the requirement of Workers' Compensation Law § 13 (a) that an "employer shall promptly provide for an injured employee such medical, surgical, optometric or *other attendance or treatment * * * functional* assistive and adaptive devices and apparatus for such period as the nature of the injury or the process of recovery may require" (emphasis supplied). We believe that they do. The Court of Appeals has made it clear that, because the Workers' Compensation Law is to be liberally construed to accomplish its economic and humanitarian objects (*see, Matter of Merchant v Pinkerton's Inc.*, 50 NY2d 492, 495), the phrase "other attendance or treatment" is to be broadly interpreted (*Matter of Smith v Tompkins County Courthouse*, 60 NY2d 939, 941). Consistent with that view, courts have held that Workers' Compensation Law § 13 (a) may require an employer to provide swimming lessons and the use of a motel swimming pool as a rehabilitative measure (*Matter of Smith v Tompkins County Courthouse, supra*), structural modifications to a home to make it wheelchair accessible (*Matter of Langford v William Rogers, Inc.*, 144 AD2d 785), an elevator chair to provide access to a second-floor apartment (*Matter of Zylbergleit v Irving Rubber & Metal Co.*, 87 AD2d 929), reimbursement for expenses incurred in traveling to a hospital or physician's office for treatment (*Matter of Simpson v Glen Aubrey Fire Co.*, 86 AD2d 909), dentures to replace those that were broken at the time of the compensable accidental injury (*Matter of La Rose v Wurzburger Hof*, 28 AD2d 185), and reimbursement for expenses incurred in connection with a change of climate as a "therapeutic trial" in an effort to relieve the symptoms of bronchitis and emphysema (*Clark v Fedders-Quigan Corp.*, 284 App Div 430).

Based upon Lax's testimony concerning claimant's height-

ened sensitivity to common household substances and chemicals present in conventional food products, the need for organic foods in an effort to prevent her exposure to irritating chemicals, for an air purifier to remove irritants from her environment, and for vitamin and mineral supplements due to the suppressed state of claimant's immune system, we conclude that the contested items properly fall within the statute's provision for "other attendance or treatment" (Workers' Compensation Law § 13 [a]; see, Matter of Smith v Tompkins County Courthouse, supra). We agree with the employer, however, that it has no obligation to provide claimant with basic necessities or to cover her ordinary living expenses (see, Clark v Fedders-Quigan Corp., supra, at 433). As such, the employer's liability for payment for the cost of organic foods should be limited to so much of the total cost as exceeds the cost of corresponding conventional food products (see, id.). The Board's decision shall be reversed and the matter remitted for the purpose of determining the average weekly increase in claimant's food cost based upon her purchase of organic foods and tailoring the Board's award on the basis of that determination.

The employer's remaining contentions have been considered and found to be unavailing.

Cardona, P. J., White, Peters and Carpinello, JJ., concur. Ordered that the decision is reversed, without costs, and matter remitted to the Workers' Compensation Board for further proceedings not inconsistent with this Court's decision.