■ In the Matter of the Claim of KENNETH WASHINGTON, Appellant, v NEW YORK CITY DEPARTMENT OF TRANSPORTATION, Respondent. WORKERS' COMPENSATION BOARD, Respondent. [688 NYS2d 749] —Appeal from a decision of the Workers' Compensation Board, filed February 25, 1998, which, *inter alia,* ruled that the self-insured employer was responsible for payment of certain workers' compensation benefits.

Claimant, an employee of the New York City Department of Transportation, injured his back in a work-related automobile accident on March 3, 1995 and required extensive physical rehabilitation. In April 1995, claimant purchased a self-massage table and had his bathroom extensively remodeled by a private contractor to accommodate the installation of a whirlpool tub. Although these items were medically recommended for therapy for claimant's injuries, claimant made these purchases without receiving prior authorization from the employer to do so. Claimant spent $1,484.24 for the massage table, $1,249.64 for a whirlpool tub unit and $8,500 for the installation of the whirlpool tub. Claimant thereafter sought reimbursement for the costs of the massage table and whirlpool tub pursuant to Workers' Compensation Law § 13 (a). Since the employer conceded the medical usefulness of the items purchased, a hearing as to the reasonableness of the costs expended by claimant was held, after which the Workers' Compensation Law Judge awarded reimbursement for the cost of the massage table but

denied reimbursement for the installation of the whirlpool tub. The Workers' Compensation Board modified this decision to the extent of awarding claimant an additional $200 reflecting the cost of a detachable whirlpool unit that fits over the lip of a standard bathtub. Claimant appeals.

We affirm. Although the law is clear that Workers' Compensation Law § 13 (a) is to be applied liberally (see, Matter of Morrell v Onondaga County, 244 AD2d 695, 697), here, given the limited proof in the record with respect to the type of whirlpool unit necessary to address claimant's needs, we conclude that there is substantial evidence to support the Board's decision regarding the reasonableness of claimant's costs for a whirlpool tub. While the record contains an October 1996 letter from claimant's physician noting that the specifications of the whirlpool tub purchased by claimant are appropriate for his needs, this letter does not state whether less costly alternatives would also be appropriate. Accordingly, we find no reason to disturb the Board's decision.

Cardona, P. J., Yesawich Jr., Peters, Spain and Graffeo, JJ., concur. Ordered that the decision is affirmed, without costs.