■ In the Matter of the Claim of ANN NICHOLSON, Appellant, v MOHAWK VALLEY COMMUNITY COLLEGE et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [711 NYS2d 542] —Carpinello, J. Appeal from a decision of the Workers' Compensation Board, filed March 24, 1998, which ruled that claimant failed to establish a claim and denied workers' compensation benefits.

In January 1991, claimant, a secretary employed by Mohawk Valley Community College (hereinafter the employer), began experiencing congestion, headaches, nosebleeds, rashes, itching and a chronic cough upon the relocation of her work site to a newly renovated building on the employer's campus. Claimant's ventilated office was situated near a carpentry shop and a masonry shop and the large atrium outside her office, in which palm trees were planted, tended to be dusty and subject to cold drafts. In August 1993, claimant filed a claim for workers' compensation benefits based upon her exposure to dust and other allergens in her work environment. Partly in response to claimant's complaints, in October 1993 air quality tests were performed in and about claimant's office which produced results within normal acceptable ranges. Nevertheless, claimant was eventually relocated to another office, after which her symptoms subsided.

After a hearing, the Workers' Compensation Law Judge found that claimant had established a claim for "sick building syndrome", which decision was affirmed by a panel of the Workers' Compensation Board. Upon the employer's application for full Board review, the Board rescinded the panel's decision and referred the matter back for further consideration. The panel then reversed its prior decision prompting this appeal.

Contrary to claimant's contention, we find no impropriety in the panel's decision to reverse, notwithstanding the absence of new evidence. The Board is expressly authorized, on full Board

review, to rescind or otherwise modify a panel decision and to refer the matter back to a panel for reconsideration (*Matter of Gullo v Southern Erie Clinical Servs.*, 258 AD2d 689, 691; *see,* Workers' Compensation Law §§ 23, 123). To that end, where, as here, substantial evidence supports a panel decision, such decision is conclusive despite the presence of evidence which might support a contrary result (*see, id.*; *Matter of Spoerl v Armstrong Pumps*, 251 AD2d 915, 916, *lv denied* 92 NY2d 820).

Although claimant offered the findings and testimony of several physicians, each of whom indicated that claimant's symptoms were caused or exacerbated by poor air quality at work, none were able to identify the specific allergen(s) allegedly present in, and exclusive to, claimant's work environment which caused her symptoms (*compare, Matter of Morrell v Onondaga County*, 244 AD2d 695, 696-697). Moreover, the employer's physician and toxicologist testified that claimant was allergic to house dust, molds, trees, grasses, weeds and dust mites, i.e., common allergens which could not be confined exclusively to the workplace. Recognizing that the Board may accept or reject all or part of any medical evidence presented, and that such a determination is solely within its province (*see, id.*, at 697; *Matter of Barrett v Transport Sys.*, 146 AD2d 829, 831), we conclude that there was substantial evidence to support the panel's determination that claimant had failed to establish a causal connection between her symptoms and her employment. In so doing, we implicitly reject claimant's assertion that the presumption set forth in Workers' Compensation Law § 21 (1) is applicable to the facts at hand.

Cardona, P. J., Mercure, Peters and Graffeo, JJ., concur. Ordered that the decision is affirmed, without costs.