■ In the Matter of the Claim of PETER GUARINO, Appellant, v NATSLOCK, INC. & NATLOCK et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [717 NYS2d 703] —Lahtinen, J. Appeal from a decision of the Workers' Compensation Board, filed August 10, 1999, which ruled that claimant did not sustain an occupational disease and denied workers' compensation benefits.

Claimant was employed by Natslock, Inc. & Natlock as an executive salesperson which required that he work at a computer and use a telephone throughout most of his eight-hour work day. In July 1992, after working for Natslock for approximately 15 years, claimant was forced to leave his employment because of severe neck pain and seek workers' compensation benefits claiming an aggravation of a congenital condition, Klippel-Feil Syndrome, caused by his work activity.

After a hearing, a Workers' Compensation Law Judge (hereinafter WCLJ) ruled that claimant's "work activity * * * aggravated the underlying Klippel-Feil Syndrome and that it caused a disability which did not previously exist" and subsequently awarded him benefits. Natslock applied to the Workers' Compensation Board for review asserting that this claim is barred by the applicable two-year Statute of Limitations (see, Workers' Compensation Law § 28) and that claimant's congenital condition was responsible for his disability. The Board panel reversed the WCLJ, finding that "claimant's Kippel [sic] Feil Syndrome was a preexisting active condition and that claimant's office work merely aggravated this active condition," and closed the case. This appeal ensued and we now affirm.

"Where, as here, an occupational disease claim is based on the aggravation of a preexisting condition, this Court has long recognized the distinction between the aggravation of a previously active disabling condition and the aggravation of a condition which was previously dormant and not disabling [citation omitted]" (Matter of Cocco v New York City Dept. of Transp., 266 AD2d 634). Claimant's orthopedic surgeon described his Klippel-Feil Syndrome as "a congenital fusion of the cervical spine at various levels" and testified that claimant's condition was aggravated by his work activities of using the computer and telephone. Although acknowledging that claimant's congenital condition was progressive in nature, the surgeon opined that at the time claimant left his employment, 50% of his marked partial disability resulted from his congenital condi-

tion and 50% from his work activity. Natslock's orthopedic consultant testified that claimant's work activity of using a telephone and computer did not contribute to his disabling condition, opining that claimant's disability resulted from the normal progression of his underlying disease which had been symptomatic since 1990.

Where the Board's decision is supported by substantial evidence, it is conclusive, even if evidence which might support a contrary result is present (*see, Matter of Spoerl v Armstrong Pumps*, 251 AD2d 915, 916, *lv denied* 92 NY2d 820; *Matter of Nicholson v Mohawk Val. Community Coll.*, 274 AD2d 677, 678). Further acknowledging that it is within the Board's province to accept or reject any of the medical evidence presented (*see, Matter of Nicholson v Mohawk Val. Community Coll., supra*, at 678), we find that the testimony of Natslock's orthopedic consultant presented substantial evidence supporting the Board's decision.

In light of the above, Natslock's defense based on Workers' Compensation Law § 28 need not be addressed.

Cardona, P. J., Crew III, Peters and Rose, JJ., concur. Ordered that the decision is affirmed, without costs.