■ In the Matter of the Claim of JEFFREY A. LA FAVE, Respondent, v ST. LAWRENCE COUNTY, Appellant. WORKERS' COMPENSATION BOARD, Respondent. [724 NYS2d 221] —Rose, J. Appeal from a decision of the Workers' Compensation Board, filed June 17, 1999, which ruled that claimant's back condition is causally related to a prior work-related injury and made an award of workers' compensation benefits.

Claimant sustained a work-related injury to his back in October 1992 which was diagnosed as a back sprain. After the initial treatment, he did not return to his orthopedist until November 1996 when he was diagnosed with sciatica and a

herniated disc. He underwent surgery to his back in March 1997. The Workers' Compensation Board ultimately concluded that claimant's back condition was causally related to the 1992 injury, prompting this appeal by the employer.

Claimant's treating orthopedist reported that claimant's back condition was causally related to the 1992 injury. The orthopedist who conducted an independent medical examination at the request of the employer noted that claimant's MRIs indicated "long standing disc problems" and that, although claimant did not seek medical treatment for his back from 1992 to 1996, he did give a history of recurring back pain during the period for which he occasionally took sick leave. The independent orthopedist opined that causal relationship was "certainly plausible and, if supported by work place documentation regarding being out of work on occasion, would seem to be a very defendable relationship." Although the employer's consultant concluded that, based upon available records, "causal relationship is extremely doubtful," he also noted that if there is documentation to support claimant's history of complaints of pain and intermittent lost time from work, "then causal relationship should exist." The physician who had been treating claimant for a heart condition reported that claimant had mentioned back pain during several office visits. No medical expert suggested any other cause for claimant's back condition and the employer made no effort to produce claimant's sick leave records for the relevant period. Based upon the medical evidence in the record, and considering the deference accorded to the Board's assessment of conflicting medical evidence, especially when it involves the issue of causation (*see, Matter of Morrell v Onondaga County*, 244 AD2d 695, 697), we find no basis to disturb the Board's finding.

Inasmuch as the employer failed to make a timely request at the hearing to have the medical experts testify and offered no explanation for the lack of a timely request, the Board did not abuse its discretion in rejecting the employer's argument that further development of the record was required (*see, Matter of Ricci v Riegel & Sons*, 278 AD2d 673; *Matter of Hughes v Steuben County Self-Ins. Plan*, 248 AD2d 757). Nor is there anything in the record to suggest that the employer was deprived of the opportunity to present evidence relevant to the causation issue (*cf., Matter of Gallagher v Houlihan Lawrence Real Estate*, 259 AD2d 853). Assuming that the Workers' Compensation Law Judge's decision regarding the employer's liability for medical bills was premature because the employer had not had an opportunity to have claimant examined, the er-

ror is harmless. Claimant subsequently appeared for the examination and the issue of causal relationship, which was the basis for the employer's objection to the medical bills, was fully litigated and resolved in claimant's favor. Accordingly, there is no basis to disturb the Board's decision.

Cardona, P. J., Crew III, Spain and Mugglin, JJ., concur. Ordered that the decision is affirmed, without costs.