■ In the Matter of the Claim of TIMOTHY DIXON, Appellant, v STATE UNIVERSITY COLLEGE et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [724 NYS2d 662] —Lahtinen, J. Appeal from a decision of the Workers' Compensation Board, filed November 9, 1999, which ruled that the employer's workers' compensation carrier was not responsible for payment of certain workers' compensation benefits.

Claimant sustained a work-related injury to his back in July 1995 and, after receiving physical therapy, he returned to work in November 1995. Based upon a February 9, 1996 examination, claimant's treating physician requested authorization for additional physical therapy and the employer's workers' compensation carrier promptly granted the request. The treating physician also wrote a prescription, dated February 9, 1996, for home whirlpool and hydrotherapy treatment which was submitted to the carrier at some unspecified date. On April 26, 1996, the carrier authorized hydrotherapy at a local YMCA and refused to authorize an in-home whirlpool tub. Claimant, however, had already purchased a whirlpool tub at a cost of approximately $2,600 and requested reimbursement from the carrier pursuant to Workers' Compensation Law § 13 (a). The

Workers' Compensation Board ultimately denied the request, prompting this appeal by claimant.

In the absence of any evidence in the record to demonstrate the date of the request for authorization for in-home whirlpool and hydrotherapy treatment, there is no merit to claimant's argument that the carrier's denial of the request was untimely. There is also no merit to claimant's argument that the Board erred in finding the treating physician's prescription insufficient to warrant reimbursement. Although home whirlpool and hydrotherapy treatment could constitute "other attendance or treatment" within the meaning of Workers' Compensation Law § 13 (a) (*see, Matter of Morrell v Onondaga County*, 244 AD2d 695, 697), a request for authorization must state "the medical necessity of the special services" when the cost exceeds $500 (12 NYCRR 325-1.4 [a] [1]). In the absence of any documentation of the medical necessity of whirlpool and hydrotherapy treatment in the home rather than at a facility outside the home, there is no basis to disturb the Board's decision (*see, Matter of Washington v New York City Dept. of Transp.*, 260 AD2d 827, *lv denied* 93 NY2d 812).

Crew III, J. P., Peters, Spain and Mugglin, JJ., concur. Ordered that the decision is affirmed, without costs.