■ In the Matter of the Claim of the Estate of RICHARD P. KRAMER, Deceased, Appellant, v ULTRA BLEND CORPORATION, Respondent. WORKERS' COMPENSATION BOARD, Respondent. [747 NYS2d 403] —Carpinello, J.

Decedent, a co-owner and employee of a company engaged in the business of blending vitamin products, suffered a fatal heart attack at work on October 11, 1995. Decedent's widow filed a claim on behalf of his estate for workers' compensation death benefits, alleging that his death was caused by stress related to the failing financial situation of the company. Following a hearing, a Workers' Compensation Law Judge found that accident, notice and causal relationship were established and awarded benefits. Upon review, the Workers' Compensation Board reversed this decision and disallowed the claim, finding that decedent's heart attack was caused by risk factors unassociated with work. This appeal ensued.

It is well settled that it is for the Board "to resolve conflicts in the testimony of expert medical witnesses * * * especially * * * where the Board is required to decide whether the expert testimony establishes causality" (*Matter of Diliberto v Hickory Farms*, 236 AD2d 663, 663 [citation omitted]; *see Matter of Traver v Rickkard Constr. Co.*, 286 AD2d 808, 809; *Matter of Gonzalez v Ozalid Corp.*, 235 AD2d 859, 860). It is "within the Board's discretion to accept or reject such evidence" (*Matter of Morrell v Onondaga County*, 238 AD2d 805, 806, *lv denied* 90 NY2d 808).

Although claimant's medical expert conceded that the cause

of decedent's death was coronary thrombosis due to arteriosclerotic heart disease, he also opined that work-related stress precipitated the fatal heart attack. The workers' compensation carrier's medical consultant, on the other hand, opined that decedent's heart attack was caused by other factors, namely his obesity, gender, age and habitual smoking, and therefore not causally related to his job. As it is within the province of the Board to assess the weight to be given to this conflicting medical testimony, we conclude that its decisions are supported by substantial evidence (*see Matter of Kroeger v New York State Workers' Compensation Bd.*, 222 AD2d 912, 912, *lv denied* 88 NY2d 801) and, accordingly, must be affirmed.

Cardona, P.J., Spain and Lahtinen, JJ., concur. Ordered that the decision and amended decision are affirmed, without costs.