■ In the Matter of the Claim of JAMES J. MUEHL, Respondent, v CLINTON's DITCH COOPERATIVE et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. [752 NYS2d 123] —Carpinello, J. Appeal from an decision of the Workers' Compensation Board, filed May 14, 2001, which ruled, inter alia, that claimant sustained a compensable injury and awarded workers' compensation benefits.

In the course of his employment as a maintenance mechanic at Clinton's Ditch Cooperative, claimant had four work-related accidents between 1996 and 1998, only two of which are now at issue. On December 19, 1996, he injured his back while installing equipment and, on February 15, 1998, he injured, inter alia, his right ankle and left shoulder when he slipped and was dragged under a conveyor. The employer and its workers' compensation carrier (hereinafter collectively referred to as the employer) appeal from a decision of the Workers' Compensation Board finding that there was sufficient credible medical evidence to support the claims for each of these injuries and to support a finding that claimant is permanently disabled as a result of his back injury. Specifically, the employer argues that there was insufficient medical evidence before the Board to support its findings that these injuries were work-related and that the back injury resulted in a permanent disability. Rather, according to the employer, claimant was taken out of work in early September 1998 because of a then recent nonwork-related diagnosis (i.e., Parkinson's disease) and is totally disabled because of that disease, not any work-related injury. The employer alternatively argues that any work-related injury to claimant's back is mild at best.

While the employer correctly states that claimant was

diagnosed with Parkinson's disease in September 1998 and was taken out of work by his treating neurologist because of this condition, this does not a fortiori negate any finding by the Board that he is nonetheless entitled to workers' compensation benefits by reason of work-related injuries which predate the diagnosis. Said differently, upon our review of the record, the fact that claimant suffers from Parkinson's disease is not determinative, and we find that substantial evidence supports the Board's decision (*see e.g. Matter of Kramer v Ultra Blend Corp.*, 297 AD2d 890; *Matter of La Fave v St. Lawrence County*, 283 AD2d 790; *Matter of Pulcastro v N & S Supply Co.*, 270 AD2d 737, 738).

Claimant testified in some detail about the injuries he sustained at work, as well as the consequential pain he has since experienced, particularly back pain. Stephen Robinson, an orthopedic physician who began treating claimant in January 1998 for lower back pain, opined that claimant is totally disabled from work as a result of his back injury, which is permanent and was indeed caused by a work-related accident. Robinson also treated claimant for problems with his shoulder, arm and ankle and diagnosed him with, inter alia, chronic impingement syndrome of the left shoulder and chronic right ankle sprain. According to Robinson, these injuries were caused by the work-related accident in February 1998. Robinson's opinions concerning the injury to claimant's back were echoed by Saad Sobhy, a physician board-certified in rehabilitation and sports medicine who evaluated claimant for complaints of low back pain. Sobhy diagnosed claimant with mechanical low back pain syndrome and left sacroiliac joint derangement and opined that each was caused by a work-related back injury and have rendered claimant totally disabled.

Notably, both Robinson and Sobhy knew about the Parkinson's disease diagnosis and nevertheless opined that a work-related disability existed. Robinson specifically opined that the injuries to claimant's back, shoulder, arm and ankle were a result of work-related falls and *not* any neurological disease. Moreover, while claimant's treating neurologist established that claimant was diagnosed with Parkinson's disease in September 1998, he also made clear during his testimony that he was not qualified to address any disability due to work-related injuries and specifically deferred to claimant's other physicians on this issue. Conflicting medical opinions contained in the reports of certain independent medical examiners concerning causation and the extent of claimant's disability merely presented a credibility issue for the Board to resolve

(*see e.g. Matter of Kramer v Ultra Blend Corp.*, *supra*; *Matter of Jean-Lubin v Home Care Servs. for Ind. Living*, 295 AD2d 825; *Matter of Traver v Rickkard Constr. Co.*, 286 AD2d 808, 809; *Matter of La Fave v St. Lawrence County*, *supra*).

We have reviewed the employer's remaining contentions and find them to be without merit.

Crew III, J.P., Mugglin, Rose and Kane, JJ., concur. Ordered that the decision is affirmed, without costs.