■ In the Matter of the Claim of BRUCE D. BAKER, Appellant, v ORANGE HEATING AND COOLING et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [779 NYS2d 313]—

Crew III, J. Appeal from a decision of the Workers' Compensation Board, filed March 18, 2002, which ruled that claimant did not suffer a causally related injury to his right upper extremity and denied his claim for workers' compensation benefits.

Claimant suffered work-related injuries to his left wrist and arm when he fell from a ladder in 1994 and subsequently was found to have sustained a compensable injury. Four years later, claimant began experiencing pain in his right arm and shoulder, which his treating physicians diagnosed as reflex sympathy distrophy (hereinafter RSD) attributable to his 1994 injury.

A hearing ensued, at which three physicians attributed claimant's right arm and shoulder pain to RSD secondary to his

---

1994 injury. However, Michael Weintraub, a clinical professor of neurology at New York Medical College, opined that claimant's right arm and shoulder pain was attributable to claimant's severe diabetes, not RSD. A Workers' Compensation Law Judge found that claimant's right arm and shoulder pain was not causally related to his 1994 accident and, upon review, the Workers' Compensation Board affirmed. Claimant now appeals.

It is well settled that the Board is the arbiter of credibility determinations, and its resolution of such issues must be accorded great deference, especially with respect to issues of causation (*see e.g. Matter of Joyce v United Food & Commercial Workers Local 342-50*, 307 AD2d 552, 553 [2003]). As such, the Board's determination will not be disturbed even where, as here, there is substantial evidence in the record to support a contrary result (*see Matter of Guarino v Natslock & Natlock*, 278 AD2d 633, 634 [2000]). Inasmuch as Weintraub's testimony presented substantial evidence supporting the Board's decision, we affirm.

Mercure, J.P., Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the decision is affirmed, without costs.