■ In the Matter of MICHAEL FERRAINA, Appellant, v ONTARIO HONDA, Respondent. WORKERS' COMPENSATION BOARD, Respondent. [820 NYS2d 174]—

Kane, J. Appeal from a decision of the Workers' Compensation Board, filed April 14, 2005, which ruled that claimant did not sustain an occupational disease and denied his claim for workers' compensation benefits.

As an infant, claimant was diagnosed with hypophosphatemic rickets and received medical treatment for that condition

---

throughout his life, including leg braces, medication and surgery to correct the deformity of both lower legs when he was 12 years old. When claimant was 16 years old, corrective surgery was recommended for both upper legs. However, claimant did not undergo the upper leg procedure until he developed stress fractures in his femurs at age 20. Asserting that the stress fractures were related to his duties as an auto mechanic for the employer, claimant filed this claim for workers' compensation benefits. A Workers' Compensation Law Judge found that claimant sustained an occupational disease and awarded benefits. Upon review, the Workers' Compensation Board reversed, prompting this appeal by claimant.

In a claim for workers' compensation benefits based upon occupational disease, the claimant must establish a recognizable link between his or her condition and a distinctive feature of his or her employment (see Matter of Palmer v State Univ. of N.Y. Upstate Med. Univ., 14 AD3d 737, 738 [2005], lv denied 5 NY3d 717 [2005]; Matter of Bates v Marine Midland Bank, 256 AD2d 948, 948-949 [1998]). While claimant's treating physician opined that the cause of his stress fractures was attributable 50% to his preexisting condition and 50% to the repetitive weight-bearing required in his employment, the employer's medical consultant concluded that claimant's injuries were not causally related to his job duties but, rather, were entirely attributable to the progression of his preexisting condition.

Initially, we note that the Board specifically credited the employer's witnesses, finding that claimant's job duties were not as rigorous as testified to by claimant. Moreover, the Board noted that the employer's medical consultant demonstrated that he thoroughly considered claimant's medical history and job duties in reaching his conclusions. On the other hand, claimant's physician appeared to be unfamiliar with the details of claimant's employment or other activities and did not rule out the possibility that claimant's stress fractures could have been caused by his normal activities. According deference to the Board's credibility determinations and recognizing that it is within the province of the Board to accept or reject any portion of the medical evidence presented, we decline to disturb the Board's decision despite the existence of some evidence which could support a different result (see Matter of Baker v Orange Heating & Cooling, 9 AD3d 517, 518 [2004]; Matter of Guarino v Natslock & Natlock, 278 AD2d 633, 634 [2000]).

Crew III, J.P., Peters, Spain and Lahtinen, JJ., concur. Ordered that the decision is affirmed, without costs.