Matter of Byrnes v New Is. Hosp. (2018 NY Slip Op 08400)





Matter of Byrnes v New Is. Hosp.


2018 NY Slip Op 08400


Decided on December 6, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 6, 2018

526413

[*1]In the Matter of the Claim of JENMARIE BYRNES, Claimant,
v
NEW ISLAND HOSPITAL et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent.

Calendar Date: October 17, 2018

Before: Garry, P.J., McCarthy, Lynch, Aarons and Rumsey, JJ.


Habberfield Kaszycki LLP, Buffalo (Ashley M. Bulger of counsel), for appellants.
Barbara D. Underwood, Attorney General, New York City (Marjorie S. Leff of counsel), for respondent.



MEMORANDUM AND ORDER
Rumsey, J.
Appeal from a decision of the Workers' Compensation Board, filed June 12, 2017, which ruled that claimant's use of the prescription drug Amrix is medically necessary.
Claimant suffered work-related injuries to her back, right shoulder and left hip in 2000 and was awarded workers' compensation benefits. The claim was later amended to include consequential injuries to the right shoulder and left hip. In February 2016, the employer and its workers' compensation carrier (hereinafter collectively referred to as the employer) submitted a request for further action, asserting that claimant's continued, long-term use of the prescription medication Amrix was not medically necessary. At a hearing, the employer's medical expert testified that Amrix is a muscle relaxant that is recommended for only short-term use not exceeding three weeks. He opined, therefore, that there was no medical basis for claimant's continued use of the medication. Claimant's treating physician testified that claimant had experienced a positive response to Amrix and that, in combination with other therapies, it had allowed her to perform the activities of daily living and to continue working as a nurse. Following the hearing, a Workers' Compensation Law Judge found that the medication is medically necessary, and the Workers' Compensation Board affirmed. The employer appeals.
We affirm. The Board was empowered to resolve the conflicting medical evidence and to credit the opinion of claimant's expert over the employer's expert (see Matter of Soluri v Superformula Prods., Inc., 96 AD3d 1292, 1292 [2012]; Matter of Hare v Champion Intl., 50 AD3d 1254, 1255 [2008], lv dismissed 11 NY3d 863 [2008]; Matter of Thomas v City of Albany School Dist., 307 AD2d 664, 664 [2003]; Matter of Morrell v Onondaga County, 244 AD2d 695, 696-698 [1997]). Although the Board's Non-Acute Pain Management Guidelines recommend only short-term use of Amrix, claimant's treating physician testified that the effects of the drug [*2]vary on a patient-to-patient basis and that the continued use of Amrix had been successful in treating claimant's muscle spasms and related pain. In light of the foregoing, we find that the Board's decision that claimant established that her continued use of Amrix is medically necessary is supported by substantial evidence.
Garry, P.J., McCarthy, Lynch and Aarons, JJ., concur.
ORDERED that the decision is affirmed, without costs.